UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTOPHER E. BROWN,

                Plaintiff,                **MEMORANDUM**

- v -

                                              CV-08-2218(ARR)(VVP)

ST. JOHN'S UNIVERSITY,

                Defendants.
-----------------------------------------------------------x

      The plaintiff has submitted several opinions by other courts in support of his contention that the defendant should comply with his request for inspections of all public spaces on the campus of the defendant to determine whether barriers exist that would prevent his use of the areas, given his disability. A review of the decisions does not change the court's view that the defendant is not required to provide the plaintiff with the inspections he has requested. *See generally Smith v. Lowry Park Zoological Society of Tampa, Inc.*, No. 8:07-CV-333-5-27TBM (M.D. Fla. Jan. 14, 2009); *Access 4 All, Inc. v. G & T Consulting Co., LLC*, No. 06 Civ. 13736, 2008 WL 851918 (S.D.N.Y. Mar. 28, 2008); *Disabled in Action of Metropolitan New York v. Trump Intern. Hotel & Tower*, No. 01 Civ. 5518, 2003 WL 1751785 (S.D.N.Y. Apr. 2, 2003). The decisions do not specifically address discovery, but rather the concept of standing. Nevertheless, they provide some guidance on the scope of discovery because they articulate the showings a plaintiff must make to obtain injunctive relief under the statutes pursuant to which he brings his claims here. The showings include actual knowledge of the existence of a barrier at a given building or other location and a demonstration that the plaintiff would visit the location but for the barrier. *E.g. Access 4 All, Inc.*, 2008 WL 851918, at \*4; *accord Smith v. Lowry Park*, slip op. at 4. Moreover,

these standing requirements must exist at the time a plaintiff files the lawsuit. *E.g., Disabled in Action*, 2003 WL 1751785, at *7; *Smith v. Lowry Park*, slip op. at 4.

The plaintiff has demonstrated actual knowledge with respect to a number of locations where he asserts barriers exist on the defendant's campus, and he has already been provided with the opportunity to inspect them. His argument that he must have encountered all other barriers on the entire campus at some time when he was a student a number of years ago is not sufficient to satisfy the actual knowledge requirement, however. More importantly, the argument that as an alumnus he has the *right* to visit all public areas of the campus does not suffice to show that he was *likely* to visit those areas at the inception of this action but for barriers that exist there. Accordingly, the defendant is not required to provide for the inspections of all public areas on its campus sought by the plaintiff as they are not reasonably calculated to lead to evidence admissible at trial.

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
April 16, 2009