UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                   :    Civ. Action No. 08-cv-2218 (ARR)
CHRISTOPHER E. BROWN,                                              :         Hon. J. Ross
                                                                   :         Hon. M.J. Pohorelsky
            Plaintiff,                                             :
                                                                   :
    -against-                                                      :
                                                                   :
                                                                   :    **ST. JOHN'S UNIVERSITY'S**
ST. JOHN'S UNIVERSITY and GCA SERVICES                             :    **ANSWER TO FIRST**
GROUP, INC., and BUTLER ROGERS BASKETT                             :    **AMENDED COMPLAINT**
ARCHITECTS, P.C., and HM WHITE SITE                                :    **WITH CROSSCLAIMS**
ARCHITECTS and SKANSKA USA BUILDING,                               :
INC. and LANGAN ENGINEERING AND                                    :
ENVIRONMENTAL                                                      :
SERVICES, INC.,                                                    :
                        Defendants                                 :
------------------------------------------------------------------x :
ST. JOHN'S UNVERSITY,                                              :
                                                                   :
            Third-Party Plaintiff,                                 :
    -against-                                                      :
                                                                   :
GCA SERVICES GROUP, INC., and                                      :
BUTLER ROGERS BASKETT,                                             :
                                                                   :
            Third-Party Defendants.                                :
------------------------------------------------------------------x :
BUTLER ROGERS BASKETT,                                             :
                                                                   :
            Fourth-Party Plaintiff,                                :
                                                                   :
    -against-                                                      :
                                                                   :
HM WHITE SITE ARCHITECTS, SKANSA USA                               :
BUILDING, INC. and LANGAN ENGINEERING                              :
AND ENVIRONMENTAL SERVICES, INC.,                                  :
                                                                   :
            Fourth-Party Defendants.                               :
------------------------------------------------------------------x

1

Defendant/Third-Party Plaintiff St. John's University by its attorneys, Biedermann, Reif, Hoenig, & Ruff, P.C., as and for its Answer to the plaintiff's First Amended Complaint, sets forth as follows:

**JURISDICTION AND PARTIES**

FIRST:    The defendant makes no answer to paragraphs "1" and "2" of plaintiff's Amended Complaint, insofar that they contain conclusions of law which this answering defendant respectfully refers to the Court for determination.

SECOND:    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "3", "4" and "5" of the plaintiff's Amended Complaint as stated therein.

THIRD:    The defendant denies the allegations contained in paragraph "6" of plaintiff's Amended Complaint, except admits that St. John's University is an educational institution governed by the Board of Regents of the State of New York.

FOURTH:    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7", "8", "9", "10", and "11" and "23" of the plaintiff's Amended Complaint.

FIFTH:    The defendant denies the allegations contained in paragraph "12" of plaintiff's Amended Complaint, except admits that it owns property located at 8000 Utopia Parkway in Queens, NY.

SIXTH:    The defendant denies the allegations as stated in paragraph "13" of plaintiff's Amended Complaint to the extent that any allegations are asserted against St. John's

2

University, except admits that it entered into a maintenance contract with GCA for the performance of services at 8000 Utopia Parkway, Queens, New York.

SEVENTH:   The defendant makes no answer to paragraphs "14", "16", "18", "20", "21", and "22" because there are no allegations made against defendant therein.

EIGHTH:   The defendant denies the allegations contained in paragraph "15" of plaintiff's Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into an architectural contract with BRB for the performance of services at 8000 Utopia Parkway, Queens, New York.

NINTH:   The defendant denies the allegations contained in paragraph "17" of plaintiff's Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into a contract with SKANSA for the performance of services at 8000 Utopia Parkway, Queens, NY.

TENTH:   The defendant denies the allegations contained in paragraph "19" of plaintiff's Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into a contract with LANGAN for the performance of services at 8000 Utopia Parkway, Queens, New York.

**FACTUAL ALLEGATIONS**

ELEVENTH:   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of plaintiff's Amended Complaint, except admits that Christopher E. Brown was enrolled as a student at St. John's University between 1999 and 2003.

349069.1

TWELFTH: The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the plaintiff's Amended Complaint therein.

THIRTEENTH: The defendant denies the allegations contained in paragraphs "26", "27", "28", "29" and "30" of the plaintiff's Amended Complaint therein.

## COUNT I – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

FOURTEENTH: In response to paragraph "31" of plaintiff's Amended Complaint, the defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "THIRTEENTH", inclusive of this Answer with the same force and effect as if fully set forth herein.

FIFTEENTH: The defendant denies the allegations contained in paragraph "32" of plaintiff's Amended Complaint, and respectfully refers all questions of law to this Court for determination.

SIXTEENTH: The defendant denies the allegations as stated in paragraph "33" of plaintiff's Amended Complaint, except admits that it owned property located at 8000 Utopia Parkway in Queens New York.

SEVENTEENTH: The defendant makes no answer to paragraph "34" of the plaintiff's Amended Complaint because there are no allegations made against defendant therein.

EIGHTEENTH: The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "35" of plaintiff's Amended Complaint therein.

349069.1

NINETEENTH: The defendant denies the allegations contained in paragraphs "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", and "47" of the plaintiff's Amended Complaint therein.

## COUNT II-VIOLATION
## OF NEW YORK CIVIL RIGHTS LAW

TWENTIETH: In response to paragraph "48" of plaintiff's Amended Complaint, the defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "NINETEENTH", inclusive of this Answer with the same force and effect as if fully set forth herein.

TWENTY-FIRST: The defendant denies the allegations of paragraphs "49", "50", "51", "52", "53", "54", "56"and "57" of plaintiff's Amended Complaint, and respectfully refers all questions of law to this Court for determination.

TWENTY-SECOND: The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of plaintiff's Amended Complaint therein.

## COUNT III-NEGLIGENCE

TWENTY- THIRD: The defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "TWENTY-SECOND", inclusive of this Answer with the same force and effect as if fully set forth herein.

TWENTY-FOURTH: The defendant denies the allegations contained in paragraph "58" of plaintiff's Amended Complaint as stated therein, and further respectfully refers all questions of law to this Court for determination.

349069.1

TWENTY-FIFTH: The defendant makes no answer to paragraphs "59", "60", and "61" as stated in plaintiff's Amended Complaint because there are no allegations made against defendant therein.

TWENTY-SIXTH: The defendant denies the allegations contained in paragraphs "62", "63", "64", "65", "66", "67", "68", "69" and "67" (numbered as the second "67") of plaintiff's Amended Complaint therein.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST ALL CO-DEFENDANTS

TWENTY-SEVENTH: In the event that this answering defendant is held liable to plaintiff, any judgment or verdict against it will be the result of the active, direct and primary negligence or other wrongful conduct of co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC and the negligence, if any of this answering defendant would be merely constructive, technical, vicarious, subordinate or passive and therefore answering defendant will be entitled to full common law and/or express and/or implied contractual indemnity from co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC in an amount equal to the total sum of such judgment or verdict, together with the costs and disbursements of the within action.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST ALL CO-DEFENDANTS

TWENTY-EIGHTH:   In the event that this answering defendant is held liable to plaintiff, any judgment or verdict against will be the result of the careless, negligent or other culpable acts or omissions on the part of co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC and therefore, this answering defendant will be entitled to contribution from co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.

### AS AND FOR A THIRD CROSSCLAIM
### AGAINST SKANSKA USA BUILDING, INC.
### FOR CONTRACTUAL INDEMNITY

TWENTY-NINTH:   If the plaintiff was caused to sustain personal injuries or damages at the time and place set forth in the Amended Complaint, then such injuries and damages were caused solely by reason of the negligence or culpable conduct of SKANSKA USA BUILDING, INC., its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff St. John's University.

THIRTIETH:   By virtue of a valid and enforceable contract between SKANSKA USA BUILDING, INC. and St. John's University (hereinafter referred to as the "SKANSKA Contract"), SKANSKA USA BUILDING, INC. agreed to indemnify, defend and hold St. John's University, its Board of Trustees, officers, employees, agents and servants harmless from and against all claims, suits, damages, liabilities, losses, demands, costs and expenses, including reasonable attorneys' fees and disbursements, punitive damages of every

7

349069.1

kind and nature, by or on behalf of any person, firm, association or corporation, in connection with SKANSKA USA BUILDING, INC.'s performance under the SKANSKA Contract.

THIRTY-FIRST:     Plaintiff's claims against St. John's University have triggered SKANSKA USA BUILDING, INC.'s duty to defend and indemnify St. John's University pursuant to the terms of the SKANSKA Contract.

THIRTY-SECOND:     SKANSKA USA BUILDING, INC. has breached the SKANSKA Contract by failing to assume St. John's University's defense, by failing to indemnify and/or hold harmless St. John's University from and against plaintiff's claims, and by refusing to reimburse St. John's University for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of St. John's University in the instant action.

THIRTY-THIRD:     Plaintiff/Third-Party Plaintiff St. John's University is therefore entitled to have judgment over and against SKANSKA USA BUILDING, INC. for full contractual indemnity, including interest thereon, together with costs, disbursements and attorneys' fees.

### AS AND FOR A FOURTH CROSSCLAIM AGAINST SKANSKA USA BUILDING, INC. FOR CONTRACTUAL INDEMNITY

THIRTY-FOURTH:     If the plaintiff encountered barriers to access due to violations of the ADA as set forth in the Amended Complaint, which is denied herein, then such barriers were caused solely by reason of the negligence or culpable conduct of SKANSKA USA BUILDING, INC., its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff St. John's University

349069.1

THIRTY-FIFTH:   If the plaintiff encountered barriers to access due to violations of the ADA as set forth in the Amended Complaint, which is denied herein, then such barriers were caused solely by reason of SKANSKA USA BUILDING, INC.'s failure to adequately perform its services in accordance with the SKANSKA Contract and applicable law, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff St. John's University.

THIRTY-SIXTH:   Plaintiff's claims against ST. JOHN'S UNIVERSITY have triggered SKANSKA USA BUILDING, INC.'s duty to defend and indemnify St. John's University pursuant to the terms of the SKANSKA Contract.

THIRTY-SEVENTH:   SKANSKA USA BUILDING, INC. has breached the SKANSKA Contract by failing to defend, indemnify and/or hold harmless St. John's University from and against plaintiff's claims, and by refusing to reimburse St. John's University for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of ST. JOHN'S UNIVERSITY in the instant action.

THIRTY-EIGHTH:   Plaintiff/Third-Party Plaintiff ST. JOHN'S UNIVERSITY is therefore entitled to have judgment over and against SKANSKA USA BUILDING, INC. for full contractual indemnity related to Plaintiff's claims arising out of the ADA and the New York Civil Rights Law, including interest thereon, together with costs, disbursements and attorneys' fees as may be incurred in the defense of this action.

**AS AND FOR A FIFTH CROSSCLAIM
AGAINST SKANSKA USA BUILDING, INC.
FOR BREACH OF CONTRACT**

THIRTY-NINTH: Pursuant to the SKANSKA Contract and all riders and amendments thereto, SKANSKA USA BUILDING, INC. was required to carry liability insurance in favor of St. John's University. Said insurance was to be in a type and amount sufficient to cover St. John's University for the claims made by plaintiff herein.

FORTIETH: In breach of the SKANSKA Contract, SKANSKA failed to acquire the proper liability insurance on behalf of St. John's University

FORTY-FIRST: If plaintiff recovers judgment against St. John's University, St. John's University is entitled to have judgment over SKANSKA USA BUILDING, INC. for any judgment that may be recovered by plaintiff against St. John's University.

### AS AND FOR A SIXTH CROSSCLAIM AGAINST LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. FOR CONTRACTUAL INDEMNITY

FORTY-SECOND: If the plaintiff was caused to sustain personal injuries or damages at the time and place set forth in the Amended Complaint, then such injuries and damages were caused solely by reason of the negligence or culpable conduct of LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff St. John's University

FORTY-THIRD: By virtue of a valid and enforceable contract between LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. ("LANGAN") and St. John's University (hereinafter referred to as the "LANGAN Contract"), LANGAN agreed to indemnify, defend and hold St. John's University, its Board of Trustees, officers, employees, agents and servants harmless from and against all claims, suits, damages, liabilities, losses,

demands, costs and expenses, including reasonable attorneys' fees and disbursements, punitive damages of every kind and nature, by or on behalf of any person, firm, association or corporation, in connection with LANGAN's performance under the LANGAN Contract.

FORTY- FOURTH:    Plaintiff's claims against St. John's University have triggered LANGAN's duty to defend and indemnify St. John's University pursuant to the terms of the LANGAN Contract.

FORTY-FIFTH:    LANGAN has breached the LANGAN Contract by failing to assume St. John's University's defense, by failing to indemnify and/or hold harmless St. John's University from and against plaintiff's claims, and by refusing to reimburse St. John's University for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of St. John's University in the instant action.

FORTY-SIXTH:    Plaintiff/Third-Party Plaintiff St. John's University is therefore entitled to have judgment over and against LANGAN for full contractual indemnity, including interest thereon, together with costs, disbursements and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. FOR CONTRACTUAL INDEMNITY

FORTY-SEVENTH:    If the plaintiff encountered barriers to access due to violations of the ADA as set forth in the Amended Complaint, which is denied herein, then such barriers were caused solely by reason of the negligence or culpable conduct of LANGAN, its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff St. John's University.

349069.1

FORTY-EIGHTH: If the plaintiff encountered barriers to access due to violations of the ADA as set forth in the Amended Complaint, which is denied herein, then such barriers were caused solely by reason of LANGAN's failure to adequately perform its services in accordance with the LANGAN Contract and applicable law, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff St. John's St. John's University have triggered LANGAN's duty to defend and indemnify St. John's University pursuant to the terms of the LANGAN Contract.

FORTY-NINTH: Plaintiff's claims against St. John's University have triggered LANGAN's duty to defend and indemnify St. John's University pursuant to the terms of the LANGAN contract.

FIFTIETH: LANGAN has breached the LANGAN Contract by failing to defend, indemnify and/or hold harmless St. John's University from and against plaintiff's claims, and by refusing to reimburse St. John's University for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of St. John's University in the instant action.

FIFTY-FIRST: Plaintiff/Third-Party Plaintiff St. John's University is therefore entitled to have judgment over and against LANGAN for full contractual indemnity related to Plaintiff's claims arising out of the ADA and the New York Civil Rights Law, including interest thereon, together with costs, disbursements and attorneys' fees as may be incurred by St. John's University in the defense of this action.

349069.1

## AS AND FOR A FIFTH CROSSCLAIM AGAINST LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. FOR BREACH OF CONTRACT

FIFTY-SECOND:    Pursuant to the LANGAN Contract and all riders and amendments thereto, LANGAN was required to carry liability insurance in favor of St. John's University. Said insurance was to be in a type and amount sufficient to cover St. John's University for the claims made by plaintiff herein.

FIFTY- THIRD:    In breach of the LANGAN Contract, LANGAN failed to acquire the proper liability insurance on behalf of St. John's University.

FIFTY-FOURTH:    If plaintiff recovers judgment against St. John's University, St. John's University is entitled to have judgment over LANGAN for any judgment that may be recovered by plaintiff against St. John's University.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damages as alleged in the Complaint, which defendant expressly denies, such damages were caused, in whole or in part, by plaintiff's negligence, culpable conduct, or assumption of risk, and to the extent of plaintiff's culpability, plaintiff is barred from recovery or, alternatively shall have his damages reduced in the proportion that his culpable conduct bears to all conduct causing or contributing to such damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damages as alleged in the Complaint, which defendant expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom defendant exercised no control or supervision, and not by reason of any culpable conduct of defendant.

349069.1

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused, in whole or in part, by plaintiff's own negligence and accordingly, the plaintiff's claims are barred or reduced by the applicable law of comparative negligence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against defendant upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Since defendant had no notice of the alleged defective or dangerous condition(s), it is not liable to plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If defendant is found to be liable to the plaintiff, then its liability is limited, pursuant to Article 16 of the CPLR.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

All risks and dangers connected with the situation at the time and place mentioned in the Complaint were open, obvious and apparent, and were known to and assumed by the plaintiff herein.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

349069.1

Plaintiff is barred from recovering from defendant in that any negligence that may have occurred, which is specifically denied, was as a result of actions of third parties over whom answering defendant had no control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The answering defendant is not guilty of any negligence that proximately caused plaintiff's injuries, so that in the event that plaintiff was not self-negligent, then said injuries and resulting damages were the result of an unavoidable accident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Before said alleged accident, personal injuries and damages were allegedly sustained by the plaintiff, the plaintiff saw the peril in which he was placed by his own negligence, and by the exercise of due care he could have, and should have, avoided the accident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The requested accommodation(s) would constitute an undue burden and would fundamentally alter the defendant's services and facilities.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The requested accommodation(s) is not reasonable or readily achievable.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The defendant acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations and industry standards at the time of such conduct.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The defendant has not denied access to plaintiff, or any person with his condition, to a service offered by a place of public accommodation.

349069.1

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The defendant has not engaged in intentional discrimination with the accessibility of its facilities.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that defendant does not provide the accommodations as requested in the Complaint, effective methods of access and use are provided via reasonable and appropriate alternative means.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief or equitable relief to the extent he has not suffered, and will not suffer, irreparable harm or injury.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The defendant is controlled by a religious organization and is thus exempt from the American with Disabilities Act.

WHEREFORE, defendant St. John's University demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
       September 22, 2009

        Yours, *etc.*,

        Biedermann, Reif, Hoenig & Ruff, P.C.

        By: _____
           Elaine N. Chou (EC7688)
        Attorneys for Defendant/Third-Party Plaintiff
        St. John's University
        570 Lexington Avenue
        New York, New York 10022
        (212) 697-6555

349069.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2009, I electronically filed with the Clerk of Court using the CM/ECF system, the foregoing Answer to Plaintiff's First Amended Complaint with Cross-Claims, which will send notification of filing to the following e-mail addresses:

J. Justin Griffin, Esq.
Ku & Mussman, P.A.
***Attorneys for Plaintiff***
***CHRISTOPHER BROWN***
64 Oriole Street
Pearl River, New York 10965
Tel:   845-499-9121
Fax:   305-891-4512
jjg10@hotmail.com

Louis Mussman, Esq.
Ku & Mussman, P.A.
***Attorneys for Plaintiff***
***CHRISTOPHER BROWN***
11098 Biscayne Blvd, Suite 301
Miami, Florida  33161
Tel:   305-891-1322
Fax:   305-891-4512
louis@kumussman.com

Robert A. Banner, Esq.
Kevin J. McGrath, Esq.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
***Attorneys for BUTLER ROGERS BASKETT***
250 Park Avenue
New York, New York 10177
Tel.:   212-907-9600
Fax:   212-907-9681
rbanner@ingramllp.com
kmcgrath@ingramllp.com

Eyal Steven Eisig, Esq.
Stephen P. Schreckinger, Esq.
Gogick, Byrne & O'Neill, LLP
***Attorneys for HW WHITE SITE ARCHITECTS***
11 Broadway, Suite 1560
New York, New York 10004-1314
Tel:   212-422-9424
Fax:   212-422-9429
ese@gogick.com
sps@gogick.com

Pg. 2

Michael S. Bubb, Esq.
Bubb Grogan & Cocca LLP
*Attorneys for SKANSKA USA BUILDING, INC.*
25 Prospect Street
Morristown, New Jersey 08960
Tel:    973-539.6500
Fax:   212-539-6409
mbubb@bgc-law.com

Christopher L. Deininger, Esq.
Casey & Barnett LLP
317 Madison Avenue
New York, New York 10017
Tel:    973-879-1610
Fax:   212-286-0261
cdeininger@aol.com

William J. Brennan, Esq.
Sedgwick Detert Moran & Arnold LLP
*Attorneys for LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.*
125 Broad Street. 39th Floor
New York. New York 10004
Tel:    212-422.0202
Fax:   212-422-0925
William.Brennan@sdma.com

Allen Gueldenzopf, Esq.
Law Offices of James J. Toomey
*Attorneys for GCA SERVICES, INC.*
485 Lexington Avenue, 7th Floor
New York, New York 10017
Tel:    917-778-6659
Fax:   917-778-7020
aguelden@travelers.com

*[signature]*
Savi Ramprasad