UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER E. BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>ST. JOHN'S UNIVERSITY,<br><br>        Defendant. | Civil Action No. 08-CV-2218<br><br>Hon. J. Ross<br><br>Hon. M.J. Pohorelsky<br><br>**ANSWER OF DEFENDANT LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. TO THE FIRST AMENDED COMPLAINT** |
| ST. JOHN'S UNIVERSITY,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>GCA SERVICES GROUP, INC., and BUTLER ROGERS BASKETT,<br><br>        Third-Party Defendants. | |
| BUTLER ROGERS BASKETT,<br><br>        Fourth-Party Plaintiff,<br><br>v.<br><br>H.M. WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.<br><br>        Fourth-Party Defendants. | |

Defendant Langan Engineering and Environmental Services Inc. ("Langan") by its attorneys Sedgwick, Detert, Moran & Arnold LLP, as and for its response to Christopher E. Brown's First Amended Complaint, states as follows:

## JURISDICTION AND PARTIES

FIRST: Paragraph 1 of the First Amended Complaint constitutes a summary of the action and need not be specifically admitted or denied by Langan. To the extent Paragraph 1 contains allegations of fact or law as to Langan, they are denied.

SECOND: Langan denies the allegations of Paragraph 2 of the First Amended Complaint.

THIRD: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Complaint.

FOURTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint.

FIFTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint.

SIXTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint, except that Langan admits that St. John's University is a university chartered by the New York Board of Regents.

SEVENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint.

EIGHTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

NINTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

TENTH: Langan denies the allegations contained in Paragraph 10 of the First Amended Complaint, except admits that it is a New Jersey corporation authorized to conduct business and does conduct business in the State of New York, with a place of business located at 21 Penn Plaza, 360 West 31st Street, 8th Floor, New York, New York.

ELEVENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint.

TWELFTH: Langan denies the allegations of Paragraph 12 of the First Amended Complaint, except that Langan admits that St. John's University owns real property located at 8000 Utopia Parkway, Queens, New York 11439.

THIRTEENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

FOURTEENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

FIFTEENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

SIXTEENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

SEVENTEENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

EIGHTEENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

NINETEENTH: Langan denies the allegations of Paragraph 19 of the First Amended Complaint, except admits that Langan was retained to perform services for St. John's University, which contracts speak for themselves.

TWENTIETH: Langan denies the allegations of Paragraph 20 of the First Amended Complaint.

TWENTY-FIRST: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

TWENTY-SECOND: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

TWENTY-THIRD: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

TWENTY-FOURTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint.

TWENTY-FIFTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint.

TWENTY-SIXTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint.

TWENTY-SEVENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint.

TWENTY-EIGHTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint.

TWENTY-NINTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint.

THIRTIETH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint.

## **COUNT I – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AGAINST SJU AND GCA**

THIRTY-FIRST: Langan repeats and re-alleges its responses to Paragraphs 1 through 30 as though fully set forth therein.

THIRTY-SECOND: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint.

THIRTY-THIRD: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint.

THIRTY-FOURTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint.

THIRTY-FIFTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the First Amended Complaint.

THIRTY-SIXTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended Complaint.

THIRTY-SEVENTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the First Amended Complaint.

THIRTY-EIGHTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the First Amended Complaint.

THIRTY-NINTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the First Amended Complaint.

FORTIETH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the First Amended Complaint.

FORTY-FIRST: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the First Amended Complaint.

FORTY-SECOND: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the First Amended Complaint.

FORTY-THIRD: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint.

FORTY-FOURTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the First Amended Complaint.

FORTY-FIFTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended Complaint.

FORTY-SIXTH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the First Amended Complaint.

FORTY-SEVENTH: Langan denies the allegations contained in Paragraph 47 of the First Amended Complaint.

**COUNT II – VIOLATION OF NEW YORK CIVIL RIGHTS LAW AGAINST ALL DEFENDANTS**

FORTY-EIGHTH: Langan repeats and re-alleges its responses to Paragraphs 1 through 47 as though fully set forth therein.

FORTY-NINTH: Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTIETH: Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-FIRST:       Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-SECOND:     Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-THIRD:       Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-FOURTH:    Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-FIFTH:       Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-SIXTH:       Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

FIFTY-SEVENTH:   Langan states that no answer is required as Langan is moving to dismiss Count II as a matter of law.

### **COUNT III – NEGLIGENCE AGAINST ALL DEFENDANTS**

UNNUMBERED PARAGRAPH:   Langan repeats and re-alleges its responses to Paragraphs 1 through 57 as though fully set forth therein.

FIFTY-EIGHTH:     Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the First Amended Complaint.

FIFTY-NINTH:      Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the First Amended Complaint.

SIXTIETH: Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the First Amended Complaint.

SIXTY-FIRST: Langan denies the allegations of Paragraph 61 of the First Amended Complaint, except states that Langan is without knowledge or information sufficient to form a belief as to the truth of the allegations about Skanska contained in Paragraph 61 of the First Amended Complaint.

SIXTY-SECOND: Langan denies the allegations of Paragraph 62 of the First Amended Complaint.

SIXTY-THIRD: Langan denies the allegations of Paragraph 63 of the First Amended Complaint.

SIXTY-FOURTH: Langan denies the allegations of Paragraph 64 of the First Amended Complaint.

SIXTY-FIFTH: Langan denies the allegations of Paragraph 65 of the First Amended Complaint.

SIXTY-SIXTH: Langan denies the allegations of Paragraph 66 of the First Amended Complaint.

SIXTY-SEVENTH: Langan denies the allegations of Paragraph 67 of the First Amended Complaint.

SIXTY-EIGHTH: Langan denies the allegations of Paragraph 68 of the First Amended Complaint.

SIXTY-NINTH: Langan denies the allegations of Paragraph 69 of the First Amended Complaint.

SEVENTIETH: Langan denies the allegations of the Paragraph misnumbered "67" of the First Amended Complaint.

## AS AND FOR LANGAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

SEVENTY-FIRST: Brown's First Amended Complaint fails to state a cause of action against Langan upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

SEVENTY-SECOND: Brown has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

SEVENTY-THIRD: Brown's claim is barred, in whole or in part, by the doctrines of assumption of the risk, contributory negligence, and comparative negligence.

### FOURTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH: Langan did not owe and/or breach any duties to Brown or any of its co-defendants.

### FIFTH AFFIRMATIVE DEFENSE

SEVENTY-FIFTH: Brown's claim is barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

SEVENTY-SIXTH: Brown's alleged damages were caused, in whole or in part, by the negligence or other culpable conduct of one or more persons or entities over which Langan had no control.

### SEVENTH AFFIRMATIVE DEFENSE

SEVENTY-SEVENTH: Brown's claim is barred by reason of lack of proper venue.

## EIGHTH AFFIRMATIVE DEFENSE

SEVENTY-EIGHTH:	Brown's claim is barred by reason of lack of subject matter jurisdiction.

## NINTH AFFIRMATIVE DEFENSE

SEVENTY-NINTH:	Brown has failed to join all necessary parties, and the intervening negligence and intervening causation of persons not a party to this action is a partial or complete bar to all causes of action asserted in the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

EIGHTIETH:	Brown's alleged injuries and damages were caused solely by the acts, wrongs, or omissions of Brown or by preexisting conditions or by intervening or superseding causes or by other persons, entities, forces, and/or things over which Langan had no control and for which Langan is not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

EIGHTY-FIRST:	The damages complained of were not intended, foreseeable, or preventable by the exercise of reasonable care.

## TWELFTH AFFIRMATIVE DEFENSE

EIGHTY-SECOND: The damages complained of were not caused by any negligence or carelessness on the part of Langan.

## THIRTEENTH AFFIRMATIVE DEFENSE

EIGHTY-THIRD:	Langan owed no duty to Brown.

## FOURTEENTH AFFIRMATIVE DEFENSE

EIGHTY-FOURTH:	If Brown receives remuneration and/or compensation for some or all of its claimed economic loss, Langan is entitled to have Brown's award, if any, reduced by the amount of that remuneration and/or compensation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

EIGHTY-FIFTH:   Any amount recoverable by Brown is subject to limitation pursuant to section 15-108 of the General Obligation Laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

EIGHTY-SIXTH:   Brown has failed to allege the circumstances relating to the claims asserted in the First Amended Complaint with sufficient particularity to enable Langan to determine whether it may have additional defenses in this action, and Langan reserves the right to assert such additional defenses as are ascertained through discovery.

**WHEREFORE**, Defendant Langan respectfully requests that this Court deny all of the relief requested by Brown in his First Amended Complaint, and further requests its costs, fees, and disbursements, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED:  October 8, 2009

  s/ William J. Brennan_____

J. Gregory Lahr (JL-9969)
William J. Brennan (WB-0742)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004
Telephone: 212-422-0202
Facsimile:  212-422-0925
Email: gregory.lahr@sdma.com
            william.brennan@sdma.com

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2009, a true and correct copy of the foregoing has been filed via ECF in compliance with Local Rule 5.2.

  s/ William J. Brennan_____