# KU & MUSSMAN, P.A.
_____
ATTORNEYS AT LAW

11098 Biscayne Boulevard
Suite 301
Miami, Florida 33161
Tel.: 305.891.1322
Fax: 305.891.4512

October 19, 2009

Honorable Allyne R. Ross                                           *Via ECF*
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Brown v. St. John's University,* CASE NO.: 08-cv-2218 (ARR)
      Response to Defendant, Langan's Request for Pre-Motion Conference

Honorable Judge Ross:

In response to Defendant, Langan Engineering and Environmental Services, Inc., ("Langan") request for Pre-Motion Conference, Plaintiff states the following:

Langan intends to file a Motion to Dismiss Count II of the Amended Complaint based on 12(b)(1), (3), and (6). After reviewing Defendant's Pre-Motion Letter, Plaintiff respectfully requests that it be granted leave to amend to clarify its Amended Complaint, specifically Count II. Plaintiff further addresses Langan's arguments below.

### A.   New York Executive Law sec. 296(2)

Although Plaintiff references the New York Executive Law sec. 296(2) in one of its allegations to provide additional support to its theory that Langan violated Planitiff's civil rights, Plaintiff does not seek relief based on this statute. Instead, Plaintiff relies on New York Civil Rights Law sec. 40 et. seq., specifically sec. 40-c, to demonstrate the basic elements of the claim and specifically sec. 40-d to determine the damages. Accordingly, N.Y.Exec. Law sec. 296(2) is not relevant to this matter.

### B.   New York Civil Rights Law sec. 40 - Persons versus Corporations

Langan asserts that N.Y.Civ.Rights Law sec. 40 does not include "corporations" within the definition of "persons." However, once again, Plaintiff does not rely on sec. 40 for the discriminatory conduct. Plaintiff discussed sec. 40 because it contains the definition of a public accommodation and specifically includes "colleges and universities." See id. However, with regard to the discriminatory conduct, Plaintiff relies on sec 40-c, which states:

> No person shall, because of ... disability ... be subjected to any
> discrimination in his or her civil rights, or to any harassment, as

>     defined in section 240.25 of the penal law, in the exercise thereof,
>     by any other person or by any firm, corporation or institution, or
>     by the state or any agency or subdivision of the state.

By its plain language, sec. 40-c prohibits discrimination by persons, firms, corporations, or institutions.  Langan is both a firm and a corporation.  Similarly, the court in <u>Jews for Jesus, Inc. v. Jewish Community Relations Counsel of New York, Inc.</u>, 968 F.2d 286,293 (2d Cir 1992), noted that sec. 40-c applies against corporations.  Consequently, Langan, a corporation, is covered by N.Y.Civ. Rights Law sec. 40-c.

C.  **New York Civil Rights Law sec. 40-d**

Langan correctly points out that sec. 40-d is the enforcement mechanism for sec. 40-c.  However, Langan has misread sec. 40-c to include only hate crimes in violation of section 240.30 and 240.31 of the penal law.  Section 40-c is not so limited.

40-c mandates that no disabled person shall "be subjected to discrimination in his or her civil rights..."  Further, Defendant's reference that penal statutes be strictly construed is misplaced here because Plaintiff does not claim that Langan violated penal statute 240.30 or 240.31.  Plaintiff's asserts that Langan's construction, design, and/or planning of non-compliant and inaccessible elements at St. John's University (Amended Complaint 19,20) violated sec. 40-c by violating Plaintiff's civil rights.  This violation of sec. 40-c triggers sec. 40-d, the enforcement provision of the statute entitling Plaintiff to damages.

Section 40-d, as an enforcement mechanism of sec. 40-c, is an ambiguous statute.  While sec. 40-c clearly prohibits discrimination by persons, firms and corporations, sec. 40-d is silent on whether firms or corporations are included.  However, <u>Jews for Jesus</u>, 968 F.2d at 293, cited by Defendant, states that sec. 40-c does in fact apply to corporations[1].

Civil rights statutes must be interpreted broadly to give them full effect.  <u>Henrietta D. v Bloomberg</u>, 331 F.3d 261,279 (2nd Cir.2003) (holding that it is a "familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes." <u>Tcherepnin v. Knight</u>, 389 U.S.332, 336, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967)).  The ambiguity in this matter is that while sec. 40-c prohibits disability discrimination by persons, corporations, and others, sec. 40-d fails to specify whether corporations, in addition to persons, are liable for damages.  However, to prohibit corporations from discriminating and then failing to provide for any penalty does not seem to effectuate the purpose of the statute.  Further, the Second Circuit has allowed other 40-d cases to be prosecuted against corporations.  <u>See Rivera v. The Hertz Corp.</u>, 990 F.Supp.234,238-39 (2nd Cir 1997).  Accordingly, the ambiguity regarding sec. 40-d, in the context of sec. 40-c violations, should be resolved in favor of enforcement of the statute.

Despite a complete lack of support in the plain language of the statute, Langan also claims that under sec. 40-c, there must be an ***intent to discriminate*** based on disability against the exercise of ones civil rights.  Defendant cites two unrelated cases in support of its

---

[1] Langan incorrectly states in its Letter that the <u>Jews for Jesus</u> case stands for the proposition that sec. 40-c does ***not*** apply to corporations.

proposition. The first case cited was a prison abuse matter which did not discuss intent. See Beckles v. Bennett, 2008 WL 821827*18 (S.D.N.Y.2008). The second was a criminal matter which involved penal statutes in addition to 40-c. See People v. Dieppa, 601 N.Y.S.2d 786,789 (N.Y.Sup.Ct.1993) (holding that defendant had violated sec. 40-c where he "had affected the exercise of [plaintiff's] civil right to pursue employment..." Id.). Similarly, in the matter at hand, Langan's role in constructing, designing, and/or planning inaccessible elements at St. John's University adversely affected Mr. Brown's civil right to safely traverse and visit the campus, and may have, in part, caused him severe physical injuries in a subsequent fall at the campus.

WHEREFORE, Plaintiff respectfully requests that Langan's motion be denied.

Respectfully Submitted,

*Louis Mussman*

Louis I. Mussman, Esq.

cc:     All ECF recipients