# GOGICK, BYRNE & O'NEILL, LLP
Attorneys at Law

| | | | | |
|---|---|---|---|---|
| 11 Broadway<br>New York, NY 10004-1314<br>Tel: (212) 422-9424<br>Fax: (212) 422-9429 | 80 Main Street<br>West Orange, NJ 07052-5414<br>Tel: (973) 778-7074<br>Fax: (973) 731-9319 | 112 Prospect Street<br>Stamford, CT 06901-1207<br>Tel: (203) 327-7561<br>Fax: (203) 966-1431 | Robert J. Gogick†<br>Kevin J. O'Neill†<br>Michael J. Byrne*<br>———<br>Stephen P. Schreckinger†<br>Elaine C. Gangel▲<br>Albert Wesley McKee°<br>——— | John M. Rondello, Jr.▲<br>Anthony W. Vaughn, Jr.†<br>Mark R. McCauley▲<br>Bryan R. Weber□<br>Pamela M. Harinstein*<br>Jamie M. Thomas†<br>Eyal S. Eisig▲ |

\* Admitted in NY, NJ & CT
° NY, NJ & PA
† NY & NJ
□ NY & CT
▲ NY only
▪ NJ only

November 17, 2009

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  Brown v. St. John's University
           Civ. Action No. 08-2218
           Our File No. 472-222

Dear Judge Ross:

    We represent defendant/fourth-party defendant HM White Site Architects ("HMW") in the above-referenced matter. We are writing in accordance with your standard order for motion practice in response to the November 9, 2009 letter of Elaine Chou, counsel for St. John's University ("SJU") and the November 9, 2009 letter of William Brennan, counsel for Langan Engineering and Environmental Services, Inc. ("Langan").

    In their letter, counsel for SJU notified the Court of SJU's intention to file a motion to dismiss Counts I and II of plaintiff's First Amended Complaint. Counsel for Langan, in their letter notified plaintiff of their intention to file a motion to dismiss Count II of the First Amended Complaint. Pursuant to this letter, we notify the Court and all parties that HMW also joins in both SJU's and Langan's motions for dismissal.

    With respect to SJU's motion pursuant to Fed. R. Civ. P. 12(b)(6), we agree with SJU's position that as a religious institution they are not a public accommodation and, therefore, exempt from the requirements of Title III of the ADA. Under §36.102(e), Title III of the ADA establishes an exemption from the requirements of its provisions to "any religious entity[.]"

# GOGICK, BYRNE & O'NEILL, LLP

Hon. Ross                                                                  November 17, 2009
                                                                                     Page 2

As more fully addressed in SJU's November 9, 2009 letter, SJU is a religious entity as a matter of law and has been recognized as a "religious organization" by the New York Court of Appeals. <u>Scheiber v. St. John's University</u>, 84 N.Y.2d 120, 615 N.Y.S.2d 332 (1994).  A finding that SJU is exempt from the requirements of Title III of the ADA, leads inescapably to the conclusion that HMW would not have been required to conform its architectural services to meet such requirements.  As a result, claims arising from Title III of the ADA could not be sustained against HMW as well.

     In addition, as further expounded upon by Langan, HMW joins Langan's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count II of plaintiff's First Amended Complaint under New York Civil Rights Law §40-c and §40-d.  Plaintiff asserts its claim under Count II against all defendants including HMW.  As a design professional retained to provide landscape architectural services on behalf of DBI Construction Consultants and/or Butler Rogers Baskett Architects, P.C., HMW is similarly situated to Langan in this matter.  As more fully expounded upon by Langan, New York Civil Rights Law §40-c requires a plaintiff to demonstrate a defendants' intent to discriminate against such plaintiff in the exercise of their civil rights.  In this action, plaintiff failed to plead any such intent to discriminate on the part of Langan or HMW in plaintiff's First Amended Complaint.  As no intent is alleged, plaintiff has failed to state a cause of action under New York Civil Rights Law §40-c as against either Langan or HMW.  With respect to §40-d, HMW supports the position that the penal statute is only applicable as a penalty against a "person" and cannot be used against entities or institutions.  As such, this statute would not apply to defendant entities or institutions, including HMW.

     For the foregoing reasons, HMW joins the request for permission to file motions submitted by both SJU and Langan.

                               Respectfully submitted,

                               /S/ Eyal S. Eisig

                               Eyal S. Eisig (EE0075)

cc: Registered ECF users

p:\400\472-222\letters\honorable judge allyne ross - 11-17-09 (2).doc