

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400

www.sdma.com   212.422.0202 *phone*   212.422.0925 *fax*

*William J. Brennan*
*212-898-5530*
*william.brennan@sdma.com*

November 19, 2009


*Via ECF*

Hon. Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Brown v. St. John's University*, Case 1:08-cv-02218-ARR-VVP
    Request for Pre-Motion Conference


Dear Judge Ross:

We represent defendant Langan Engineering and Environmental Services, Inc. ("Langan") in the above matter.  In accordance with the Court's guidance on motion practice, Langan hereby supports the request of St. John's University ("St. John's") that it be allowed to file a motion to dismiss Count I of the Christopher Brown's First Amended Complaint because 42 U.S.C. § 12187 precludes any claim under Title III of the Americans with Disabilities Act against "religious organizations or entities controlled by religious organizations."

We note that the Plaintiff has opposed St. John's request by suggesting that St. John waived its right to file a motion under Rule 12(b)(6).  This objection is a specious appeal to form over substance.  Contrary to Brown's claim, a defense under Rule 12(b)(6) cannot be waived.  *See* Fed. R. Civ. P. 12(h).  Moreover, if the Court finds that St. John's proposed motion to dismiss Count I is untimely if denominated as a Rule 12(b)(6) motion, it should therefore require that it be filed instead as a Rule 12(c) motion.  Because a motion to dismiss for failure to state a claim cannot be waived, the Second Circuit has directed that an "untimely" Rule 12(b)(6) motion must be treated as a Rule 12(c) motion:

> We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c). This makes eminently good sense because a motion for judgment on the pleadings is the direct descendant of that ancient leper of the common law, the "speaking demurrer." The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim.

*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (footnote omitted).

NY/556571v1

Hon. Allyne R. Ross
Re:  Brown v. St. John's University, Case 1:08-cv-02218-ARR-VVP
November 19, 2009
Page 2

Further, Brown's ADA claim in Count I is an important part of this case.  Because St. John's has cited a case from the highest court in the state in which it is incorporated, the New York Court of Appeals, holding that St. John's is a religious institution for the purposes of exemption from a civil rights law, the grounds for St. John's motion to dismiss Count I are rock solid.  *See Schreiber v. St. John's University*, 84 N.Y.2d 120, 615 N.Y.S. 2d 332 (1994).  Given these facts, the Court and the parties would be well served by having Count I's legal viability decided at the earliest possible moment.

Very truly yours,

*s/William J. Brennan*

William J. Brennan
Sedgwick, Detert, Moran & Arnold LLP


cc:     All Counsel (Via ECF)

NY/556571v1