**BIEDERMANN, REIF, HOENIG & RUFF**
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
570 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
www.brhr.com

TELEPHONE (212) 697-6555                                                                                   FACSIMILE (212) 986-3509

DIRECT DIAL: (212) 634-5041
echou@brhr.com

ELAINE N. CHOU
Associate

November 23, 2009

**VIA ECF**

Honorable Allyne R. Ross
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        RE:    Christopher E. Brown v. St. John's University
                  Civ. Action No. 08-2218
                  Our file No.: 100.16014

Dear Judge Ross,

      We represent defendant/third-party plaintiff St. John's University ("St. John's") in the above-referenced matter. Plaintiff's Amended Complaint, filed on July 16, 2009, asserts three causes of action against the defendants herein: (I) Violation of Title III of the American with Disabilities Act ("ADA"); (II) Violation of New York Civil Rights Law; and (III) Negligence for personal injuries allegedly sustained in a fall on a roadway. *See* Exhibit "A". The Amended Complaint alleges that the Court is vested with original jurisdiction pursuant to the ADA claim; the remaining state law claims are contingent on the exercise of supplemental jurisdiction.

      Pursuant to Magistrate Judge Pohorelsky's Civil Conference Order dated October 23, 2009 (the "Order"), co-defendant Langan Engineering submitted its motion to dismiss Count II of Plaintiff's Amended Complaint on November 9, 2009. According to the briefing schedule set forth by said order, opposition papers are to be served by November 30, 2009 and reply papers by December 7, 2009.

      On November 9, 2009, we filed a letter requesting a pre-motion conference on our intended motion to dismiss Count I of plaintiff's Amended Complaint. If defendants are successful in their motions to dismiss Count I and II of plaintiff's Amended Complaint, the only claim remaining is a personal injury negligence action.

Hon. Ross
November 23, 2009
Page 2 of 2

     The Order also provides that 30(b)(6) deposition notices be served no later than November 30, 2009. Deposition discovery shall commence on January 11 and 12, 2010 with plaintiff's deposition, and shall continue weekly through the end of March until completion of all parties. Given the current scheduling of the motions and discovery order, it is possible that the parties will be compelled to begin full scale discovery before the Court renders its decisions on the motions to dismiss.

     In the event that the ADA claims are dismissed, the Court herein may decline to exercise supplemental jurisdiction over the state law claims and remand the action to New York state court. Additionally, the Court's decisions on the pending motions may drastically curtail the discovery parameters and affect the number of depositions required, as well as the identity of deposition witnesses. It is an inefficient use of judicial resources for parties to pursue discovery on issues that are destined to be dismissed. Thus, in the interests of judicial economy, we request that the Court issue a stay on all discovery until the motions to dismiss are decided. No party will be prejudiced by the issuance of a discovery stay.

     Thank you.

Respectfully submitted,

Elaine N. Chou (EC7688)

cc.:
Registered ECF users

355871.1

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
CHRISTOPHER E. BROWN,
an individual,                                              :       Case No.: 08-CV-2218
                                                            :
           Plaintiff,                                       :
                                                            :
vs.                                                         :
                                                            :
ST. JOHN'S UNIVERSITY, and                                  :
GCA SERVICES GROUP, INC., and                               :
BUTLER ROGERS BASKETT ARCHITECTS, P.C. and                  :
HM WHITE SITE ARCHITECTS and                                :
SKANSKA USA BUILDING, INC. and                              :
LANGAN ENGINEERING AND ENVIRONMENTAL                        :
SERVICES, INC.                                              :
                                                            :
           Defendants.                                      :
------------------------------------------------------------------x
ST. JOHN'S UNIVERSITY,                                      :
                                                            :
           Third-Party Plaintiff,                           :
                                                            :
vs.                                                         :
                                                            :
GCA SERVICES GROUP, INC., and                               :
BUTLER ROGERS BASKETT,                                      :
                                                            :
           Third-Party Defendants.                          :
------------------------------------------------------------------x
BUTLER ROGERS BASKETT,                                      :
                                                            :
           Fourth-Party Plaintiff,                          :
                                                            :
vs.                                                         :
                                                            :
HM WHITE SITE ARCHITECTS, SKANSKA USA                       :
BUILDING, INC. and LANGAN ENGINEERING AND                   :
ENVIRONMENTAL SERVICES, INC.                                :
                                                            :
           Fourth-Party Defendants.                         :
------------------------------------------------------------------X

1

## FIRST AMENDED COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this First Amended Complaint and sues ST. JOHN'S UNIVERSITY, ("SJU"), a private university, GCA SERVICES GROUP, INC., ("GCA"), a corporation, BUTLER ROGERS BASKETT ARCHITECTS, P.C., ("BRB"), a New York corporation, SKANSKA USA BUILDING, INC., (SKANSKA"), a Delaware corporation, LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., ("LANGAN"), a New Jersey corporation, HM WHITE SITE ARCHITECTS, ("HMW"), a New York corporation, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq, and N.Y. Exec. § 296(2)(a), and damages pursuant to New York State Common Law, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA") the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq., N.Y. Exec. § 296 et. seq, and damages pursuant to New York State common law. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and has supplemental jurisdiction over the subject matter of all state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair.

2

The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, SJU is a private university authorized to conduct business in the State of New York.

7. Upon information and belief, GCA is a corporation authorized to conduct business in the State of New York.

8. Upon information and belief, BRB is a New York corporation authorized to conduct business in the State of New York.

9. Upon information and belief, SKANSKA is a Delaware corporation authorized to conduct business in the State of New York.

10. Upon information and belief, LANGAN is a New Jersey corporation authorized to conduct business in the State of New York.

11. Upon information and belief, HMW is a New York corporation authorized to conduct business in the State of New York.

12. Upon information and belief, the Defendant SJU, a public accommodation, is the owner, lessee, and/or operator of the real property and improvements which is the subject of this action, to wit: the "Property" or "Premises" St. John's University, generally located at 8000 Utopia Parkway, Queens, New York 11439.

13. Upon information and belief, Defendant GCA was hired by SJU to provide maintenance services at the Property, and owes a contractual and statutory duty to invitees and guests of

3

the Property, such as MR. BROWN, to maintain the premises in a way that does not discriminate against persons with disabilities.

14. GCA violated its duties by allowing dangerous and inaccessible conditions to remain uncorrected at the Property and by failing to warn about those dangers.

15. Upon information and belief, Defendant BRB, is an architectural firm hired by SJU to design and plan certain buildings and exterior sites on the Property, including the site where MR. BROWN fell, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to maintain the premises in a way that does not discriminate against persons with disabilities.

16. BRB violated its duties by planning and designing buildings, routes, walks, ramps, and other elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

17. Upon information and belief, Defendant SKANSKA is a general construction services firm hired by SJU to build and construct certain elements of the Property, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to build and construct the premises in a way that does not discriminate against persons with disabilities.

18. SKANSKA violated its duties by building and constructing elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

19. Upon information and belief, Defendant LANGAN is a site and civil engineering firm hired by BRB and SJU to build and construct certain elements of the Property, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to build and construct the premises in a way that does not discriminate against persons with

4

disabilities.

20. LANGAN violated its duties by building and constructing elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

21. Upon information and belief, Defendant HMW is a landscape architect hired by BRB to design the exterior areas at and around the Taffner Field House, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to design the premises in a way that does not discriminate against persons with disabilities.

22. However, HMW violated its duty by planning and designing elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

23. All events giving rise to this lawsuit occurred in the Eastern District of New York, in the County of Queens.

## FACTUAL ALLEGATIONS

24. MR. BROWN was a student at SJU between 1999 and 2003. He continues to regularly visit the campus as an alumni to use the library, attend various campus events and activities, and to see friends.

25. On May 23, 2007, MR. BROWN visited Defendant's Property to use the library and meet with friends.

26. While traveling in his wheelchair between St. Louise de Marillac Hall and the Taffner Field House, MR. BROWN was forced to use the road because the sidewalk has an excessive slope and cross slope and lacks accessible curb cuts on both sides. The accessibility of the sidewalks on the day of the fall was further reduced by the policy or habit of security personnel to park their security vehicles on the sidewalk of the above described hill in a way

which obstructs the curb ramp and reduces the clear width of the sidewalk.

27. Forced to use the roadway instead of the sidewalks, MR. BROWN's wheelchair hit a severe crack in the asphalt catapulting him out of his wheelchair to the ground.

28. MR. BROWN suffered several cuts and bruises and severely injured his right wrist. More specifically, the fall caused painful bone chips and a torn meniscus in his right wrist which will require surgery to repair.

29. As a result of his fall, MR. BROWN suffered permanent injury and now experiences significant pain in his wrist.

30. In addition to the physical pain, MR.BROWN suffered extreme humiliation and embarrassment by being projected from his wheelchair and onto the ground, an event which would have been avoided had the walkway, roadway and sidewalks been ADA compliant.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AGAINST SJU AND GCA

31. Plaintiff realleges and reavers Paragraphs 1 - 30 as if they were expressly restated herein.

32. The Property is a public accommodation, subject to the ADA, located at 8000 Utopia Parkway, Queens, New York 11439.

33. Defendant SJU is the owner, lessee, and/or operator of the real property and improvements located on the Property.

34. Defendant GCA is an operator of the real property and improvements located on the Property.

35. Between May 1999 and the present, MR. BROWN visited the Property hundreds of times.

36. During these visits, MR. BROWN experienced and continues to experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers

discussed herein in Paragraph 37 and 40 of this Complaint.

37. MR. BROWN has visited all the buildings discussed below and has experienced barriers to access in each of the following locations:

   a. Marillac Hall

   b. Bent Hall

   c. Carnesecca Arena

   d. University Center

   e. Newman Hall

   f. Belson Hall/Finley Hall

   g. Taffner Field House

   h. St. John's Hall

   i. Saint Alberts Hall

   j. Sullivan Hall

   k. Financial Aid Office (visited after it opened in 2009)

   l. ROTC Building

   m. All Gate entrances/exits to campus.

   n. Baseball stands and restroom facility serving the baseball and soccer fields.

   o. Parking garage near the stadium

   p. Montgons Dining Hall

   q. Registrar's Office

   s. Career Center/Commons

   t. All parking lots serving the buildings noted herein

  u. Saint Augustine Hall (Library)

  v. All ramps, curb ramps, sidewalks, paths, routes, entrances, doorways, elevators, and stairs which connect the above discussed elements.

38. MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 37 and 40 which still exist.

39. MR. BROWN intends to and will visit the Property in the near future to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

40. Defendants SJU and GCA are in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following barriers to access:

  A. Inaccessible ramps and curb ramps throughout the facility;

  B. inaccessible routes throughout the facility;

  C. inaccessible parking throughout the facility;

  D. inaccessible restrooms throughout the facility;

  E. inaccessible entrances and doors throughout the facility;

  F. inaccessible counters throughout the facility;

  G. inaccessible elevators throughout the facility;

  H. inaccessible water fountains throughout the facility;

  I. inaccessible offices throughout the facility;

  J. inaccessible service and payment counters throughout the facility;

  K. inaccessible seating throughout the facility; and

      L.    a lack of accessible signage throughout the facility.

41. The discriminatory violations described in Paragraph 37 and 40 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires an inspection of the SJU campus, a place of public accommodation, in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

42. Furthermore, SJU and GCA continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

43. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

44. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

45. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

46. Independent of his intent to return as an alumni to use the library, attend campus events and meet with friends, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

47. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against SJU and GCA, and requests the following injunctive and declaratory relief:

 A. That the Court declares that the Property owned, leased and/or operated by SJU and GCA is in violation of the ADA;

 B. That the Court enter an Order directing SJU and GCA to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

 C. That the Court enter an Order directing SJU and GCA to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

 D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

 E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAW AGAINST ALL DEFENDANTS

48. Plaintiff realleges and reavers Paragraphs 1 - 47 as if they were expressly restated herein.

49. New York law states that "[a]ll persons within the jurisdiction of this state shall be entitled

to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodation..." N.Y. Civ. Rights § 40.

50. New York prohibits "any person ... because of the race, creed, color, national origin sexual, orientation, military status, sex, or **disability** or marital status of any person, directly or indirectly ... [to deny] such person any of the accommodations, advantage, facilities or privileges thereof..." N.Y. Exec. § 296(2)(a). (emphasis added)

51. A place of public accommodation "shall de deemed to include...colleges and universities..." N.Y. Civ. Rights § 40.

52. Defendant SJU's Property is a public accommodation as defined in § 40.

53. N.Y. Civ. Rights § 40-d states: "Any person who shall violate any of the provisions of the foregoing section,... or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside. In addition, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a class A misdemeanor."

54. Plaintiff, MR. BROWN, visited the SJU campus and encountered the discriminatory barriers discussed in allegation 37 and 40 of this complaint and seeks minimum statutory damages under § 40-d.

55. Further, Mr. Brown, through his attorneys has served notice upon the attorney general of New York as required by the statute.

56. By planning, designing, constructing, operating and maintaining architectural barriers and

11

policies that discriminate against people with disabilities and through the other actions described herein, all named Defendants have, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, MR. BROWN, because of his disability, the full and equal enjoyment of its facilities.

57. Plaintiff, MR. BROWN, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

WHEREFORE, the Plaintiff respectfully requests that this Court award statutory damages pursuant to N.Y. Civ. Rights § 40-d, and award Plaintiff for his attorney's fees, costs, and expenses incurred in prosecuting this action against all named Defendants.

## COUNT III-NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff adopts and realleges paragraphs 1 through 57 of the Complaint as if more fully set forth herein.

58. On May 23, 2007, Plaintiff was an invitee and guest of SJU on its Property.

59. Upon information and belief, GCA was responsible for the maintenance of the area where Plaintiff's fall occurred.

60. Upon information and belief BRB and HMW are architectural firms that were responsible for the planning and design of the area where the fall occurred.

61. Upon information and belief LANGAN and SKANSKA are engineering and construction firms that were responsible for the engineering and constructing the area where the fall occurred.

62. At all times relevant hereto, the sidewalk leading down the hill from St. Louise de Marillac Hall to the Taffner Field House at the campus for use by the disabled was not accessible to

persons in wheelchairs, including MR. BROWN.

63. As a result, Plaintiff was forced to use the road where his wheelchair hit a severe crack in the asphalt which propelled him out of his wheelchair to the ground.

64. The designated walkway is in plain violation of the ADAAG sections 4.3, 4.5, 4.7 and 4.8. These violations of the ADA constituted and remain a dangerous condition. See 28 C.F.R. Part 36.

65. Additionally, the roadway where the fall occurred was and remains dangerous as it similarly fails to comply with the ADAAG sections 4.3, 4.5, 4.7 and 4.8.

66. Defendants had actual or constructive knowledge of these dangerous conditions based on the ADAAG regulations cited above.

67. Because Defendants had actual or constructive knowledge of this dangerous condition, they owed two duties to Plaintiff, both of which were breached:

    A. To use ordinary care in keeping the premises in a reasonable safe condition; and

    B. To provide warning of this dangerous condition.

68. Furthermore, no negligence on the part of the Plaintiff contributed to the occurrence alleged herein.

69. As a proximate and foreseeable result of Defendants' negligence, Plaintiff was injured on May 23, 2007, when, being forced to use the inaccessible road due to the inaccessible walkway, his wheelchair hit a crack in the asphalt which caused him to fall out of his wheelchair, slam to the ground, and caused permanent injury to his right wrist including bone chips and a torn meniscus.

67. As a further result, Plaintiff sustained pain and suffering, mental anguish, and loss of

13

capacity for the enjoyment of life. These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands judgment against all Defendants for damages, and such other relief as this Court may deem just and proper.

> Respectfully Submitted,
>
> KU & MUSSMAN, P.A.
> Attorneys for Plaintiff
> 11098 Biscayne Blvd., Suite 301
> Miami, FL 33161
> Tel: (305) 891-1322
> Fax: (305) 891-4512
> louis@kumussman.com
>
> By: /s/ Louis I. Mussman
>     Louis I. Mussman, Esq.
>     Bar ID No.:LM5120

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July 2009, a true and correct copy of the foregoing has been furnished via ECF to Elaine Chou, Esq., Bierderman, Reif, Hoenig & Ruff, P.C., 570 Lexington Avenue, New York, NY 10022; Jessica L. Rothman, Esq., Kevin J. McGrath, Esq., and Robert A. Banner, Esq., Ingram Yuzek Gainen Carroll & Bertolotti, LLP, 250 Park Avenue, New York, NY 10177; Allen H. Gueldenzopf, Esq., Law Offices of James J. Toomey, 485 Lexington Avenue, 7th Floor, New York, NY 10017; and Stephen P. Schreckinger, Esq., Gogick, Byrne & O'Neill, LLP, 11 Broadway, Suite 1560, New York, NY 10004-1314.

> By: /s/ Louis I. Mussman
>     Louis I. Mussman, Esq.

Case 1:08-cv-02218-ARR -VVP   Document 101   Filed 11/23/09   Page 18 of 19

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2009, I electronically filed the foregoing **Letter dated November 23, 2009 with Exhibit "A" re: St. John's Request for Stay**, with the Clerk of Court using the CM/ECF system which will send notification of filing to the following e-mail addresses:

J. Justin Griffin, Esq.
Ku & Mussman, P.A.
***Attorneys for Plaintiff, CHRISTOPHER BROWN***
64 Oriole Street
Pearl River, New York 10965
Tel:   845-499-9121
Fax:   305-891-4512
jjg10@hotmail.com

Louis Mussman, Esq.
Ku & Mussman, P.A.
***Attorneys for Plaintiff, CHRISTOPHER BROWN***
11098 Biscayne Blvd, Suite 301
Miami, Florida  33161
Tel:   305-891-1322
Fax:   305-891-4512
louis@kumussman.com

Robert A. Banner, Esq.
Kevin J. McGrath, Esq.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
***Attorneys for BUTLER ROGERS BASKETT***
250 Park Avenue
New York, New York 10177
Tel.:   212-907-9600
Fax:    212-907-9681
rbanner@ingramllp.com
kmcgrath@ingramllp.com

Eyal Steven Eisig, Esq.
Stephen P. Schreckinger, Esq.
Gogick, Byrne & O'Neill, LLP
***Attorneys for HW WHITE SITE ARCHITECTS***
11 Broadway, Suite 1560
New York, New York 10004-1314
Tel:   212-422-9424
Fax:   212-422-9429
ese@gogick.com
sps@gogick.com

Michael S. Bubb, Esq.
Bubb Grogan & Cocca LLP
**Attorneys for SKANSKA USA BUILDING, INC.**
25 Prospect Street
Morristown, New Jersey 08960
Tel:    973-539.6500
Fax:    212-539-6409
mbubb@bgc-law.com

Christopher L. Deininger, Esq.
Casey & Barnett LLP
317 Madison Avenue
New York, New York 10017
Tel:    973-879-1610
Fax:    212-286-0261
cdeininger@aol.com

William J. Brennan, Esq.
Sedgwick Detert Moran & Arnold LLP
**Attorneys for LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.**
125 Broad Street. 39th Floor
New York. New York 10004
Tel:    212-422.0202
Fax:    212-422-0925
William.Brennan@sdma.com

Allen Gueldenzopf, Esq.
Law Offices of James J. Toomey
**Attorneys for GCA SERVICES, INC.**
485 Lexington Avenue, 7th Floor
New York, New York 10017
Tel:    917-778-6659
Fax:    917-778-7020
aguelden@travelers.com; toomlaw1@travelers.com

_/s/ Savi Ramprasad_
Savi Ramprasad

2

355893.1