UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
CHRISTOPHER E. BROWN,                           :
an individual,                                  :   Case No.: 08-CV-2218
                                                :
        Plaintiff,                              :
                                                :
vs.                                             :
                                                :
ST. JOHN'S UNIVERSITY,  and                     :
GCA SERVICES GROUP, INC., and                   :
BUTLER ROGERS BASKETT ARCHITECTS, P.C. and      :
HM WHITE SITE ARCHITECTS and                    :
SKANSKA USA BUILDING, INC. and                  :
LANGAN ENGINEERING AND ENVIRONMENTAL            :
SERVICES, INC.                                  :
                                                :
        Defendants.                             :
                                                :
------------------------------------------------------------------------ X

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

The Plaintiff, CHRISTOPHER E. BROWN (hereinafter "MR. BROWN"), an individual, moves this Court pursuant to Fed. R. Civ. Pro. 15(a) to file its Second Amended Complaint, and states:

    1.    MR. BROWN filed his initial complaint on June 2, 2008.

    2.    On December 4, 2008, Defendant, ST. JOHN'S UNIVERSITY, brought in GCA SERVICES GROUP, INC. and BUTLER ROGERS BASKETT ARCHITECTS, P.C. as Third-Party Defendants.

    3.    Subsequently, on March 5, 2009, BUTLER ROGERS BASKETT ARCHITECTS, P.C. brought in HM WHITE SITE ARCHITECTS, as Fourth-Party Defendant and

   on March 27, 2009, BUTLER ROGERS BASKETT ARCHITECTS, P.C. brought in SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC as Fourth-Party Defendants.

4. Subsequently, the Court granted Plaintiff's Motion for Leave to Amend and permitted Plaintiff to add the above named parties in its First Amended Complaint.

5. Recently, Plaintiff conducted discovery upon Defendant, ST. JOHN'S UNIVERSITY, in which it admitted to being the recipient of federal financial assistance. *See St. John's Response to Plaintiff's Request for Production, Exhibit E*; *see also St. John's Response to Plaintiff's Request for Admissions, ¶5,7*. This discovery clearly shows that between 2004 and 2008 ST. JOHN'S UNIVERSITY, directly or indirectly, received over $700 million in federal and state financial assistance.

6. As the recipient of federal financial assistance, ST. JOHN'S UNIVERSITY must comply with the Rehabilitation Act, 29 U.S.C. § 794 *et. seq*.

7. A Rehabilitation Act claim is very similar to that under Title III of the ADA with the additional requirement that the Defendant must be the recipient of federal funds. *See McDonald v. Commonwealth of Pa., Dept. of Pub. Welfare*, 62 F.3d 92, 95 (3d Cir. 1995)(stating that "Title III's protections and definitions closely mirror those in the Rehabilitation Act, raising similar issues.").

8. The Rehabilitation Act, 29 U.S.C. § 794(a), provides that:

No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance....

9.  "Program or activity" is defined to include, in part, the operations of a private organization "which is principally engaged in the business of providing education...." *Id*.

10. Under the Rehabilitation Act, the plaintiff must prove that:

(1) the plaintiff is an individual with a disability under the Rehabilitation Act; (2) the plaintiff is otherwise qualified for participation in the program; (3) the plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability; and (4) the relevant program or activity is receiving federal financial assistance.

*M.M. v. School Bd. of Lee County, Fla.*, No. 2:05-cv-7-FtM-29SPC, 2008 WL 4181212, 5 (M.D.Fla. 2008); *see also Spann v. Word of Faith Christian Center Church*, 589 F.Supp.2d 759 (S.D. Miss., 2008).

11. Further, Rehabilitation Act construction standards are very similar to those under the ADA, and are often identical. To name a few, construction standards regarding slopes of ramps and curbs, curb side-flares, and the restroom towel and soap dispensers are identical to those under the ADA. *See Hubbard v. Twin Oaks Health and Rehabilitation*, 408 F.Supp.2d 923, 933-34 (E.D. Cal., 2004).

12. Other than the Rehabilitation Act requiring federal financial assistance, the only other significant difference between Title III of the ADA and the Rehabilitation Act is that the later does not have an exemption for religious institutions as is present in the ADA. *See generally* 29 U.S.C. § 794 *et. seq*; *see also Marshall v. Sisters of Holy Family of Nazareth*, 399 F.Supp.2d 597,605 (E.D. Pa., 2005) (noting the differences between an ADA Title III claim and one under the Rehabilitation Act).

13. Consequently, ST. JOHN'S UNIVERSITY'S Motion to Dismiss Plaintiff's ADA count based on the religious exemption would not apply to a Rehabilitation Act claim and may obviate the need to decide said motion at this stage of the litigation. *See Doe v. Abington Friends School*, 480 F.3d 252, 258 (3rd Cir. 2007)(stating that "No court of appeals has yet fully examined the ADA's religious exemption, and the undeveloped state of this record makes us reticent to do so now")

14. In compliance with Fed. R. Civ. Pro. 15(a), Plaintiff seeks the right to amend his First Amended Complaint "by leave of court or by written consent of the adverse party."

15. Further, it is well settled that in absence of reasons such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, leave should be "freely given." *Foman v. Davis*, 83 S. Ct. 227, 230 (1962).

16. Accordingly, Plaintiff requests that this Court grant it leave to Amend his First Amended Complaint to add a count against ST. JOHN'S UNIVERSITY for violation of the Rehabilitation Act.

17. This Motion, and the proposed Second Amended Complaint attached herein, is not being filed for the purposes of undue delay, bad faith, dilatory motive, or undue prejudice to any opposing parties.

18. Counsel for Defendants have been contacted regarding this Motion. As of the date of this filing, counsel for St. John's has objected to the relief requested herein and counsel for the remaining defendants have not yet responded.

WHEREFORE, Plaintiff respectfully requests leave be granted to permit it to file a Second Amended Complaint to add a Rehabilitation Act count against Defendant ST. JOHN'S UNIVERSITY.

    Respectfully Submitted,

    KU & MUSSMAN, P.A.
    Attorneys for Plaintiff
    11098 Biscayne Blvd., Suite 301
    Miami, FL 33161
    Tel: (305) 891-1322
    Fax: (305) 891-4512
    louis@kumussman.com

    By: /s/ Louis I. Mussman
        Louis I. Mussman, Esq.
        Bar ID No.:LM5120

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of February 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

        Elaine Chou, Esq.
        Bierderman, Reif, Hoenig & Ruff, P.C.
        *Attorneys for Defendant, St. John's University*
        885 Third Avenue, 16th Floor
        New York, New York, 10022

        Robert A. Banner, Esq.
        Ingram Yuzek Gainen Carroll & Bertolotti, LLP
        *Attorneys for Butler Rogers Baskett*
        250 Park Ave
        New York, NY 10177

        Eyal Steven Eisig, Esq.
        Gogick, Byrne & O'Neill, LLP
        *Attorneys for HM White Site Architects*
        11 Broadway, Suite 1560
        New York, NY 10004

        Allen H. Gueldenzopf, Esq.
        Law Office of James J. Toomey
        *Attorneys for GCA Services, Inc.*
        485 Lexington Avenue
        New York, NY 10017

        Michael S. Bubb, Esq.
        Bubb Grogan & Cocca LLP
        *Attorneys for Skanska USA Building, Inc.*
        25 Prospect Street
        Morristown, New Jersey 08960

        William J. Brennan, Esq.
        Sedgwick Detert Moran & Arnold LLP
        *Attorneys for Langan Engineering and Enviromental Services, Inc.*
        125 Broad Street, 39th Floor
        New York, New York 10004