# KU & MUSSMAN, P.A.

ATTORNEYS AT LAW

11098 Biscayne Boulevard
Suite 301
Miami, Florida 33161
Tel.: 305.891.1322
Fax: 305.891.4512

February 9, 2010

Honorable Allyne R. Ross  *Via ECF*
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Brown v. St. John's University*, CASE NO.: 08-cv-2218 (ARR)
<u>Request for Pre-Motion Conference on Plaintiff's Motion for Leave to Amend</u>

Honorable Judge Ross:

    Plaintiff respectfully requests leave to amend its First Amended Complaint, pursuant to Fed. R. Civ. Pro. 15(a), to add a claim for violation of the Rehabilitation Act, 29 U.S.C. § 794 *et. seq.*, against Defendant, St. John's University.

    Plaintiff seeks the right to amend his First Amended Complaint "by leave of court or by written consent of the adverse party." Fed. R. Civ. Pro. 15(a). It is well settled that in absence of reasons such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, leave should be "freely given." *Foman v. Davis*, 83 S. Ct. 227, 230 (1962). In the instant matter, Plaintiff recently learned that St. John's University was the recipient of federal financial assistance, which is a prerequisite under the Rehabilitation Act, through its discovery responses attached as Exhibit A. Specifically, said Act, 29 U.S.C. § 794(a), provides that:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

    Mr. Brown, as a disabled alumni of St. John's University who suffers from Arthrogryposis, is a "qualified individual with a disability." St. John's University, as an educational institution, is a "program or activity" covered by the Rehabilitation Act. Mr. Brown, due to his disability and mobility impairment, has been discriminated against and "denied the benefits of" on-campus activities due to the barriers to disabled access discussed in the Complaint. Consequently, after recently determining that St. John's University receives "federal financial assistance," Plaintiff asserts that he has a strong claim against St. John's University pursuant to the Rehabilitation Act and requests leave to amend his First Amended Complaint to add a claim for violation of the Rehabilitation Act against St. John's University.

While the Rehabilitation Act parallels the ADA in many respects, it has some important distinctions. In addition to injunctive relief, which is also afforded by the ADA, the Rehabilitation Act also provides for damages to the aggrieved plaintiff. Moreover, the Rehabilitation Act does not include a religious exemption such as the one in the ADA and its addition to this case may obviate the need to decide St. John's status as a religious entity for the purposes of the ADA's religious exemption at this time. Consequently, the addition of the Rehabilitation Act claim will not cause undue delay of the proceedings. Rather, it is likely to speed up the proceedings.

On Wednesday February 3, 2010, Plaintiff emailed a request to counsel for all defendants regarding the relief requested herein, to which only St. John's University responded - with an objection to the relief. Subsequently, on February 8, 2010, Plaintiff once again contacted counsel for defendants regarding the relief requested herein, and St. John's University again objected while the other defendants did not respond.

WHEREFORE, Plaintiff respectfully requests that the Court conduct a pre-motion conference on its proposed Motion for Leave to Amend.

Respectfully Submitted,

Louis I. Mussman, Esq.

cc:   All ECF recipients