UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
CHRISTOPHER E. BROWN,                                  :
an individual,                                         :   Case No.: 08-CV-2218
                                                       :
        Plaintiff,                                     :
                                                       :
vs.                                                    :
                                                       :
ST. JOHN'S UNIVERSITY,  and                            :
GCA SERVICES GROUP, INC., and                          :
BUTLER ROGERS BASKETT ARCHITECTS, P.C. and             :
HM WHITE SITE ARCHITECTS and                           :
SKANSKA USA BUILDING, INC. and                         :
LANGAN ENGINEERING AND ENVIRONMENTAL                   :
SERVICES, INC.                                         :
                                                       :
        Defendants.                                    :
------------------------------------------------------------------------x
ST. JOHN'S UNIVERSITY,                                 :
                                                       :
        Third-Party Plaintiff,                         :
                                                       :
vs.                                                    :
                                                       :
GCA SERVICES GROUP, INC., and                          :
BUTLER ROGERS BASKETT,                                 :
                                                       :
        Third-Party Defendants.                        :
------------------------------------------------------------------------x
BUTLER ROGERS BASKETT,                                 :
                                                       :
        Fourth-Party Plaintiff,                        :
                                                       :
vs.                                                    :
                                                       :
HM WHITE SITE ARCHITECTS, SKANSKA USA                  :
BUILDING, INC. and LANGAN ENGINEERING AND              :
ENVIRONMENTAL SERVICES, INC.                           :
                                                       :
        Fourth-Party Defendants.                       :
----------------------------------------------------------------- X

1

## SECOND AMENDED COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Second Amended Complaint and sues ST. JOHN'S UNIVERSITY, ("SJU"), a private university, GCA SERVICES GROUP, INC., ("GCA"), a corporation, BUTLER ROGERS BASKETT ARCHITECTS, P.C., ("BRB"), a New York corporation, SKANSKA USA BUILDING, INC., (SKANSKA"), a Delaware corporation, LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., ("LANGAN"), a New Jersey corporation, HM WHITE SITE ARCHITECTS, ("HMW"), a New York corporation, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq, and N.Y. Exec. § 296(2)(a), the Rehabilitation Act, 29 U.S.C. §794, *et seq.*, and damages pursuant to New York State Common Law, and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA") the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq., N.Y. Exec. § 296 et. seq, the Rehabilitation Act, 29 U.S.C. §794, *et seq.*, and damages pursuant to New York State common law.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and1343 and has supplemental jurisdiction over the subject matter of all state law claims pursuant to 28 U.S.C. § 1367(a).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.  Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a

resident of the State of New York.

4.  MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5.  Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.  Upon information and belief, SJU is a private university authorized to conduct business in the State of New York.

7.  Upon information and belief, GCA is a corporation authorized to conduct business in the State of New York.

8.  Upon information and belief, BRB is a New York corporation authorized to conduct business in the State of New York.

9.  Upon information and belief, SKANSKA is a Delaware corporation authorized to conduct business in the State of New York.

10. Upon information and belief, LANGAN is a New Jersey corporation authorized to conduct business in the State of New York.

11. Upon information and belief, HMW is a New York corporation authorized to conduct business in the State of New York.

12. Upon information and belief, the Defendant SJU, a public accommodation, is the owner, lessee, and/or operator of the real property and improvements which is the subject of this action, to wit: the "Property" or "Premises" St. John's University, generally located at 8000 Utopia Parkway, Queens, New York 11439.

13. Upon information and belief, Defendant GCA was hired by SJU to provide maintenance services at the Property, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to maintain the premises in a way that does not discriminate against persons with disabilities.

14. GCA violated its duties by allowing dangerous and inaccessible conditions to remain uncorrected at the Property and by failing to warn about those dangers.

15. Upon information and belief, Defendant BRB, is an architectural firm hired by SJU to design and plan certain buildings and exterior sites on the Property, including the site where MR. BROWN fell, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to maintain the premises in a way that does not discriminate against persons with disabilities.

16. BRB violated its duties by planning and designing buildings, routes, walks, ramps, and other elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

17. Upon information and belief, Defendant SKANSKA is a general construction services firm hired by SJU to build and construct certain elements of the Property, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to build and construct the premises in a way that does not discriminate against persons with disabilities.

18. SKANSKA violated its duties by building and constructing elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

19. Upon information and belief, Defendant LANGAN is a site and civil engineering firm hired by BRB and SJU to build and construct certain elements of the Property, and owes a

contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to build and construct the premises in a way that does not discriminate against persons with disabilities.

20. LANGAN violated its duties by building and constructing elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

21. Upon information and belief, Defendant HMW is a landscape architect hired by BRB to design the exterior areas at and around the Taffner Field House, and owes a contractual and statutory duty to invitees and guests of the Property, such as MR. BROWN, to design the premises in a way that does not discriminate against persons with disabilities.

22. However, HMW violated its duty by planning and designing elements which are not accessible to disabled individuals in wheelchairs, and which are generally unsafe.

23. All events giving rise to this lawsuit occurred in the Eastern District of New York, in the County of Queens.

**FACTUAL ALLEGATIONS**

24. MR. BROWN was a student at SJU between 1999 and 2003. He continues to regularly visit the campus as an alumni to use the library, attend various campus events and activities, and to see friends.

25. On May 23, 2007, MR. BROWN visited Defendant's Property to use the library and meet with friends.

26. While traveling in his wheelchair between St. Louise de Marillac Hall and the Taffner Field House, MR. BROWN was forced to use the road because the sidewalk has an excessive slope and cross slope and lacks accessible curb cuts on both sides. The accessibility of the

sidewalks on the day of the fall was further reduced by the policy or habit of security personnel to park their security vehicles on the sidewalk of the above described hill in a way which obstructs the curb ramp and reduces the clear width of the sidewalk.

27. Forced to use the roadway instead of the sidewalks, MR. BROWN's wheelchair hit a severe crack in the asphalt catapulting him out of his wheelchair to the ground.

28. MR. BROWN suffered several cuts and bruises and severely injured his right wrist. More specifically, the fall caused painful bone chips and a torn meniscus in his right wrist which will require surgery to repair.

29. As a result of his fall, MR. BROWN suffered permanent injury and now experiences significant pain in his wrist.

30. In addition to the physical pain, MR.BROWN suffered extreme humiliation and embarrassment by being projected from his wheelchair and onto the ground, an event which would have been avoided had the walkway, roadway and sidewalks been ADA compliant.

**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AGAINST SJU AND GCA**

31. Plaintiff realleges and reavers Paragraphs 1 - 30 as if they were expressly restated herein.

32. The Property is a public accommodation, subject to the ADA, located at 8000 Utopia Parkway, Queens, New York 11439.

33. Defendant SJU is the owner, lessee, and/or operator of the real property and improvements located on the Property.

34. Defendant GCA is an operator of the real property and improvements located on the Property.

35. Between May 1999 and the present, MR. BROWN visited the Property hundreds of times.

36. During these visits, MR. BROWN experienced and continues to experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 37 and 40 of this Complaint.

37. MR. BROWN has visited all the buildings discussed below and has experienced barriers to access in each of the following locations:

   a. Marillac Hall

   b. Bent Hall

   c. Carnesecca Arena

   d. University Center

   e. Newman Hall

   f. Belson Hall/Finley Hall

   g. Taffner Field House

   h. St. John's Hall

   i. Saint Alberts Hall

   j. Sullivan Hall

   k. Financial Aid Office (visited after it opened in 2009)

   l. ROTC Building

   m. All Gate entrances/exits to campus.

   n. Baseball stands and restroom facility serving the baseball and soccer fields.

   o. Parking garage near the stadium

   p. Montgons Dining Hall

   q. Registrar's Office

  s. Career Center/Commons

  t. All parking lots serving the buildings noted herein

  u. Saint Augustine Hall (Library)

  v. All ramps, curb ramps, sidewalks, paths, routes, entrances, doorways, elevators, and stairs which connect the above discussed elements.

38. MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 37 and 40 which still exist.

39. MR. BROWN intends to and will visit the Property in the near future to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

40. Defendants SJU and GCA are in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following barriers to access:

  A. Inaccessible ramps and curb ramps throughout the facility;

  B. inaccessible routes throughout the facility;

  C. inaccessible parking throughout the facility;

  D. inaccessible restrooms throughout the facility;

  E. inaccessible entrances and doors throughout the facility;

  F. inaccessible counters throughout the facility;

  G. inaccessible elevators throughout the facility;

  H. inaccessible water fountains throughout the facility;

  I. inaccessible offices throughout the facility;

        J.      inaccessible service and payment counters throughout the facility;

        K.      inaccessible seating throughout the facility; and

        L.      a lack of accessible signage throughout the facility.

41. The discriminatory violations described in Paragraph 37 and 40 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires an inspection of the SJU campus, a place of public accommodation, in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

42. Furthermore, SJU and GCA continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

43. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

44. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

45. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

46. Independent of his intent to return as an alumni to use the library, attend campus events and

meet with friends, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

47.   The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against SJU and GCA, and requests the following injunctive and declaratory relief:

   A.   That the Court declares that the Property owned, leased and/or operated by SJU and GCA is in violation of the ADA;

   B.   That the Court enter an Order directing SJU and GCA to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

   C.   That the Court enter an Order directing SJU and GCA to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

   D.   That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

   E.   That the Court award such other and further relief as it deems necessary, just and proper.

**COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAW AGAINST ALL DEFENDANTS**

48.   Plaintiff realleges and reavers Paragraphs 1 - 47 as if they were expressly restated herein.

49. New York law states that "[a]ll persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodation..." N.Y. Civ. Rights § 40.

50. New York prohibits "any person ... because of the race, creed, color, national origin sexual, orientation, military status, sex, or **disability** or marital status of any person, directly or indirectly ... [to deny] such person any of the accommodations, advantage, facilities or privileges thereof ..." N.Y. Exec. § 296(2)(a). (emphasis added)

51. A place of public accommodation "shall de deemed to include...colleges and universities..." N.Y. Civ. Rights § 40.

52. Defendant SJU's Property is a public accommodation as defined in § 40.

53. N.Y. Civ. Rights § 40-d states: "Any person who shall violate any of the provisions of the foregoing section,... or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside. In addition, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a class A misdemeanor."

54. Plaintiff, MR. BROWN, visited the SJU campus and encountered the discriminatory barriers discussed in allegation 37 and 40 of this complaint and seeks minimum statutory damages under § 40-d.

55. Further, Mr. Brown, through his attorneys has served notice upon the attorney general of New York as required by the statute.

56. By planning, designing, constructing, operating and maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described herein, all named Defendants have, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, MR. BROWN, because of his disability, the full and equal enjoyment of its facilities.

57. Plaintiff, MR. BROWN, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

WHEREFORE, the Plaintiff respectfully requests that this Court award statutory damages pursuant to N.Y. Civ. Rights § 40-d, and award Plaintiff for his attorney's fees, costs, and expenses incurred in prosecuting this action against all named Defendants.

## COUNT III-NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff adopts and realleges paragraphs 1 through 57 of the Complaint as if more fully set forth herein.

58. On May 23, 2007, Plaintiff was an invitee and guest of SJU on its Property.

59. Upon information and belief, GCA was responsible for the maintenance of the area where Plaintiff's fall occurred.

60. Upon information and belief BRB and HMW are architectural firms that were responsible for the planning and design of the area where the fall occurred.

61. Upon information and belief LANGAN and SKANSKA are engineering and construction firms that were responsible for the engineering and constructing the area where the fall occurred.

62. At all times relevant hereto, the sidewalk leading down the hill from St. Louise de Marillac

Hall to the Taffner Field House at the campus for use by the disabled was not accessible to persons in wheelchairs, including MR. BROWN.

63. As a result, Plaintiff was forced to use the road where his wheelchair hit a severe crack in the asphalt which propelled him out of his wheelchair to the ground.

64. The designated walkway is in plain violation of the ADAAG sections 4.3, 4.5, 4.7 and 4.8. These violations of the ADA constituted and remain a dangerous condition. See 28 C.F.R. Part 36.

65. Additionally, the roadway where the fall occurred was and remains dangerous as it similarly fails to comply with the ADAAG sections 4.3, 4.5, 4.7 and 4.8.

66. Defendants had actual or constructive knowledge of these dangerous conditions based on the ADAAG regulations cited above.

67. Because Defendants had actual or constructive knowledge of this dangerous condition, they owed two duties to Plaintiff, both of which were breached:

   A. To use ordinary care in keeping the premises in a reasonable safe condition; and

   B. To provide warning of this dangerous condition.

68. Furthermore, no negligence on the part of the Plaintiff contributed to the occurrence alleged herein.

69. As a proximate and foreseeable result of Defendants' negligence, Plaintiff was injured on May 23, 2007, when, being forced to use the inaccessible road due to the inaccessible walkway, his wheelchair hit a crack in the asphalt which caused him to fall out of his wheelchair, slam to the ground, and caused permanent injury to his right wrist including bone chips and a torn meniscus.

70. As a further result, Plaintiff sustained pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff demands judgment against all Defendants for damages, and such other relief as this Court may deem just and proper.

### COUNT IV-VIOLATION OF THE REHABILITATION ACT AGAINST ST. JOHN'S UNIVERSITY

71. Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1-47, 58-67 as if fully stated herein.

72. Plaintiff brings this claim against the Defendant, SJU, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

73. The Rehabilitation Act provides that:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....
>
> 29 U.S.C. § 794(a).

74. A "Program or activity" is defined under the Rehabilitation Act to include, in part, "all of the operations of"... "a college, university, or other postsecondary institution...." or "an entire corporation, partnership, or other private organization...if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or which is principally engaged in the business of providing education, health care, housing, social

14

services, or parks and recreation[.]" 29 U.S.C. § 794(b)(2)-(3).

75. SJU, a recipient of federal financial assistance, is a university principally engaged in the business of providing education. Consequently, SJU is covered by the Rehabilitation Act.

76. Additionally, SJU maintains a large campus with many recreational activities including athletic fields and stadiums, and numerous parks/courtyards.

77. Plaintiff is a recent graduate and alumni of SJU. As such, he enjoys visiting the campus to meet with friends and professors, attend athletic and various other alumni events, use the library, eat at the campus restaurants and cafeterias, sit in on interesting classes, and relax in one of the numerous courtyards.

78. As set forth herein, Defendant, SJU, has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from participation in, and denying him the benefits of, and have otherwise subjected him to discrimination under, the SJU's programs and activities.

79. A non-exclusive list of SJU's violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff are evinced by:

   A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant;

   B. by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services;

   C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

D.  failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

E.  failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

F.  excluding Plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's facility being inaccessible to or unusable by Plaintiff, as stated herein in allegations 37-40;

G.  failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

H.  failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities;

I.  failing to take appropriate steps to insure that communications with applicants, participants and members of the public with disabilities are as effective as communications with others;

J.  failing to furnish appropriate auxiliary aids and services where necessary to afford an individual with disabilities an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity offered to the public by Defendant.

80. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at SJU's Queens campus which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises. Plaintiff brings this action:

A.  to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

B.  to reasonably avoid further and future injury to Plaintiff as a result of Defendant's ongoing failure to cease it's discriminatory practices as set forth in this action, including correcting violations of the Act;

C.  to ensure Defendant's facility is accessible as required by the relevant applications of the Act.

   D. to be made whole and ensure future compliance;

   E. to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources; and,

   F. to redress Plaintiff's physical injuries suffered from a fall at an inaccessible location of the SJU campus.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

81. Upon information recently obtained through discovery responses, SJU is the recipient of federal financial assistance. As the recipient of federal financial assistance, Defendant is liable for damages and other relief to the Plaintiff as a result of SJU's acts and omissions constituting intentional discrimination.

82. As set forth above, the Plaintiff has been denied access to, and has been, and without the relief requested herein will continue to be denied the benefits of the services, programs, facilities, activities and accommodations offered by SJU solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of SJU's Rehabilitation Act violations set forth above.

83. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay their counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from SJU pursuant to 29 U.S.C. §794a (b).

84. Pursuant to 29 U.S.C. §794a this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs

and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the plaintiff compensatory damages for SJU's discriminatory actions.

WHEREFORE, Plaintiff demands judgment against SJU and requests the following damages, injunctive and declaratory relief:

    A.    That the Court declares that the Property owned by SJU is in violation of the Rehabilitation Act;

    B.    That the Court enter an Order enjoining SJU from continuing their discriminatory practices;

    C.    That the Court enter an Order directing SJU to alter and modify the subject premises, facilities, services, activities, programs and accommodations as appropriate to comply with the Rehabilitation Act;

    D.    That the Court enter an Order closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

    E.    That the Court award reasonable attorneys' fees, costs and litigation expenses incurred in this action, and;

    F.    That the Court award Plaintiff compensatory damages as well as such further relief that the Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues.

>Respectfully Submitted,
>
>KU & MUSSMAN, P.A.
>Attorneys for Plaintiff
>11098 Biscayne Blvd., Suite 301
>Miami, FL 33161
>Tel: (305) 891-1322
>Fax: (305) 891-4512
>louis@kumussman.com
>
>By: /s/ Louis I. Mussman
>    Louis I. Mussman, Esq.
>    Bar ID No.:LM5120

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of March 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

>Elaine Chou, Esq.
>Bierderman, Reif, Hoenig & Ruff, P.C.
>*Attorneys for Defendant, St. John's University*
>885 Third Avenue, 16th Floor
>New York, New York, 10022
>
>Robert A. Banner, Esq.
>Ingram Yuzek Gainen Carroll & Bertolotti, LLP
>*Attorneys for Butler Rogers Baskett*
>250 Park Ave
>New York, NY 10177
>
>Eyal Steven Eisig, Esq.
>Gogick, Byrne & O'Neill, LLP
>*Attorneys for HM White Site Architects*

11 Broadway, Suite 1560
New York, NY 10004

Allen H. Gueldenzopf, Esq.
Law Office of James J. Toomey
*Attorneys for GCA Services, Inc.*
485 Lexington Avenue
New York, NY 10017

Michael S. Bubb, Esq.
Bubb Grogan & Cocca LLP
*Attorneys for Skanska USA Building, Inc.*
25 Prospect Street
Morristown, New Jersey 08960

William J. Brennan, Esq.
Sedgwick Detert Moran & Arnold LLP
*Attorneys for Langan Engineering and Enviromental Services, Inc.*
125 Broad Street, 39th Floor
New York, New York 10004

                                        By: /s/ Louis I. Mussman
                                            Louis I. Mussman, Esq.