UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER E. BROWN,<br><br>            Plaintiff,<br><br>  -against-<br><br>ST. JOHN'S UNIVERSITY and GCA SERVICES GROUP, INC., and BUTLER ROGERS BASKETT ARCHITECTS, PC, and HM WHITE SITE ARCHITECTS and SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,<br><br>                             Defendants<br>-----------------------------------------------------------x<br>ST. JOHN'S UNVERSITY,<br><br>            Third-Party Plaintiff,<br>  -against-<br><br>GCA SERVICES GROUP, INC., and<br>BUTLER ROGERS BASKETT,<br><br>            Third-Party Defendants.<br>-----------------------------------------------------------x<br>BUTLER ROGERS BASKETT,<br><br>            Fourth-Party Plaintiff,<br><br>  -against-<br><br>HM WHITE SITE ARCHITECTS, SKANSA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.,<br><br>            Fourth-Party Defendants. | Civ. Action No. 08-cv-2218 (ARR)<br>Hon. J. Ross<br>Hon. M.J. Pohorelsky<br><br>**ST. JOHN'S UNIVERSITY'S ANSWER TO SECOND AMENDED COMPLAINT** |

      Defendant/Third-Party Plaintiff St. John's University, by its attorneys, Biedermann, Reif, Hoenig, & Ruff, P.C., as and for its Answer to the plaintiff's Second Amended Complaint, sets forth as follows:

## JURISDICTION AND PARTIES

FIRST:   The defendant makes no answer to paragraphs "1" and "2" of plaintiff's Second Amended Complaint, insofar that they contain conclusions of law which this answering defendant respectfully refers to the Court for determination.

SECOND:   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "3", "4" and "5" of the plaintiff's Second Amended Complaint as stated therein.

THIRD:   The defendant denies the allegations contained in paragraph "6" as stated in plaintiff's Second Amended Complaint; and further answering, avers that it is an educational institution chartered by the Board of Regents of the State of New York.

FOURTH:   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7", "8", "9", "10", and "11" and "23" of the plaintiff's Second Amended Complaint as stated therein.

FIFTH:   The defendant denies the allegations contained in paragraph "12" of plaintiff's Second Amended Complaint, except admits that it owned property located at 8000 Utopia Parkway in Queens, NY.

SIXTH:   The defendant denies the allegations as stated in paragraph "13" of plaintiff's Second Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into a maintenance contract with GCA for the performance of services at 8000 Utopia Parkway, Queens, NY.

SEVENTH:   The defendant makes no answer to paragraphs "14", "16", "18", "20", "21", and "22" because there are no allegations made against defendant therein.

EIGHTH: The defendant denies the allegations contained in paragraph "15" of plaintiff's Second Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into an architectural contract with BRB for the performance of services at 8000 Utopia Parkway, Queens, NY.

NINTH: The defendant denies the allegations contained in paragraph "17" of plaintiff's Second Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into a contract with SKANSA for the performance of services at 8000 Utopia Parkway, Queens, NY.

TENTH: The defendant denies the allegations contained in paragraph "19" of plaintiff's Second Amended Complaint to the extent that any allegations are asserted against St. John's University, except admits that it entered into a contract with LANGAN for the performance of services at 8000 Utopia Parkway, Queens, NY.

## FACTUAL ALLEGATIONS

ELEVENTH: The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph "24" of plaintiff's Second Amended Complaint, except admits that Christopher E. Brown was enrolled as a student at St. John's University between 1999 and 2003.

TWELFTH: The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the plaintiff's Second Amended Complaint as stated therein.

THIRTEENTH: The defendant denies the allegations contained in paragraphs "26", "27", "28", "29" and "30" of the plaintiff's Second Amended Complaint as stated therein.

381182.1

## COUNT I – VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

FOURTEENTH: Answering paragraph "31" of plaintiff's Second Amended Complaint, the defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "THIRTEENTH", inclusive of this Answer with the same force and effect as if fully set forth herein.

FIFTEENTH: The defendant denies the allegations as stated in paragraph "32" of plaintiff's Second Amended Complaint, except admits that defendant's campus is located at 8000 Utopia Parkway, Queens, New York, and respectfully refers all questions of law to this Court for determination.

SIXTEENTH: The defendant denies the allegations as stated in paragraph "33" of plaintiff's Second Amended Complaint, except admits that it owned property located at 8000 Utopia Parkway in Queens, NY.

SEVENTEENTH: The defendant makes no answer to paragraph "34" of the plaintiff's Second Amended Complaint because there are no allegations made against defendant therein.

EIGHTEENTH: The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "35" of plaintiff's Second Amended Complaint therein.

NINETEENTH: The defendant denies the allegations as stated in paragraphs "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", and "47" of the plaintiff's Second Amended Complaint therein.

## COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAW

TWENTIETH:   Answering paragraph "48" of plaintiff's Second Amended Complaint, the defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "NINETEENTH", inclusive of this Answer with the same force and effect as if fully set forth herein.

TWENTY-FIRST:   Answering paragraphs "49" through "57", the defendant states that Count II of plaintiff's Second Amended Complaint was dismissed in its entirety by the Court for failure to state a claim, and therefore no answer is required.

## COUNT III-NEGLIGENCE

TWENTY-SECOND:   The defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "TWENTY-FIRST", inclusive of this Answer with the same force and effect as if fully set forth herein.

TWENTY-THIRD:   The defendant denies the allegations contained in paragraph "58" of plaintiff's Second Amended Complaint as stated therein, and further respectfully refers all questions of law to this Court for determination.

TWENTY-FOURTH:   The defendant makes no answer to paragraphs "59", "60", and "61" as stated in plaintiff's Second Amended Complaint because there are no allegations made against defendant therein.

TWENTY-FIFTH:   The defendant denies the allegations contained in paragraphs "62", "63", "64", "65", "66", "67", "68", "69" and "70" of plaintiff's Second Amended Complaint therein.

## COUNT IV-VIOLATION OF THE REHABILITATION ACT

TWENTY-SIXTH:   Answering paragraph "71" of Plaintiff's Second Amended Complaint, the defendant repeats, reiterates and realleges each and every admission and denial contained in paragraphs "FIRST" through "TWENTY-FIFTH", inclusive of this Answer with the same force and effect as if fully set forth herein.

TWENTY-SEVENTH:   The defendant makes no answer to paragraph "72", "73" and "74" of the plaintiff's Second Amended Complaint because there are no allegations made against defendant therein. Insofar that they contain conclusions of law, this answering defendant respectfully refers those to the Court for determination.

TWENTY-EIGHTH:   The defendant denies the allegations contained in paragraph "75" of plaintiff's Second Amended Complaint as stated therein, except admits that it is a University principally engaged in the business of providing education. Further answering, defendant respectfully refers all conclusions of law to the Court for determination.

TWENTY-NINTH:   The defendant denies the allegations as stated in paragraph "76" of plaintiff's Second Amended Complaint, except admits that the campus contains athletic facilities.

THIRTIETH:   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Plaintiff's Second Amended Complaint as stated therein, except admits that plaintiff is an alumnus.

THIRTY-FIRST:   The defendant denies the allegations contained in paragraph "78" of plaintiff's Second Amended Complaint as stated therein, and respectfully refers all conclusions of law to the Court for determination.

381182.1

THIRTY-SECOND: The defendant denies the allegations contained in paragraph "79" (inclusive of subparagraphs "A" through "J") of plaintiff's Second Amended Complaint as stated therein.

THIRTY-THIRD: The defendant denies the allegations contained in paragraph "80" (inclusive of subparagraphs "A" through "F") of plaintiff's Second Amended Complaint as stated therein.

THIRTY-FOURTH: The defendant denies the allegations contained in paragraph "81" of plaintiff's Second Amended Complaint as stated therein, and respectfully refers all conclusions of law to the Court for determination.

THIRTY-FIFTH: The defendant denies the allegations contained in paragraph "82" and "83" of plaintiff's Second Amended Complaint as stated therein.

THIRTY-SIXTH: The defendant denies the allegations contained in paragraph "84" of plaintiff's Second Amended Complaint as stated therein.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

THIRTY-SEVENTH: In the event that this answering defendant is held liable to plaintiff, any judgment or verdict against it will be the result of the active, direct and primary negligence or other wrongful conduct of co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC and the negligence, if any of this answering defendant would be merely constructive, technical, vicarious, subordinate or passive and therefore answering defendant will be entitled to full common law and/or express and/or implied contractual indemnity from co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS

BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC in an amount equal to the total sum of such judgment or verdict, together with the costs and disbursements of the within action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

THIRTY-EIGHTH:   In the event that this answering defendant is held liable to plaintiff, any judgment or verdict against will be the result of the careless, negligent or other culpable acts or omissions on the part of co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC and therefore, this answering defendant will be entitled to contribution from co-defendants GCA SERVICES GROUP, INC., BUTLER ROGERS BASKETT ARCHITECTS, P.C., HM WHITE SITE ARCHITECTS, SKANSKA USA BUILDING, INC. and LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC.

### AS AND FOR A THIRD CROSSCLAIM AGAINST SKANSKA USA BUILDING, INC. FOR CONTRACTUAL INDEMNITY

THIRTY-NINTH:   If the plaintiff was caused to sustain personal injuries or damages at the time and place set forth in the Second Amended Complaint, then such injuries and damages were caused solely by reason of the negligence or culpable conduct of SKANSKA USA BUILDING, INC., its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff SJU.

FORTIETH:   By virtue of a valid and enforceable contract between SKANSKA USA BUILDING, INC. and SJU (hereinafter referred to as the "SKANSKA Contract"), SKANSKA

USA BUILDING, INC. agreed to indemnify, defend and hold SJU, its Board of Trustees, officers, employees, agents and servants harmless from and against all claims, suits, damages, liabilities, losses, demands, costs and expenses, including reasonable attorneys' fees and disbursements, punitive damages of every kind and nature, by or on behalf of any person, firm, association or corporation, in connection with SKANSKA USA BUILDING, INC.'s performance under the SKANSKA Contract.

FORTY-FIRST:   Plaintiff's claims against SJU have triggered SKANSKA USA BUILDING, INC.'s duty to defend and indemnify SJU pursuant to the terms of the SKANSKA Contract.

FORTY-SECOND:   SKANSKA USA BUILDING, INC. has breached the SKANSKA Contract by failing to assume SJU's defense, by failing to indemnify and/or hold harmless SJU from and against plaintiff's claims, and by refusing to reimburse SJU for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of SJU in the instant action.

FORTY-THIRD:   Plaintiff/Third-Party Plaintiff SJU is therefore entitled to have judgment over and against SKANSKA USA BUILDING, INC. for defense, full contractual indemnity, including interest thereon, together with costs, disbursements and attorneys' fees.

### AS AND FOR A FOURTH CROSSCLAIM AGAINST SKANSKA USA BUILDING, INC. FOR CONTRACTUAL INDEMNITY

FORTY-FOURTH:   If the plaintiff encountered barriers to access due to violations of the ADA and/or the Rehabilitation Act as set forth in the Second Amended Complaint, which is denied herein, then such barriers were caused solely by reason of the negligence or culpable conduct of SKANSKA USA BUILDING, INC., its services, agents or employees, and not by

9

reason of any culpable conduct of the Defendant/Third-Party Plaintiff SJU.

FORTY-FIFTH:   If the plaintiff encountered barriers to access due to violations of the ADA and/or the Rehabilitation Act as set forth in the Second Amended Complaint, as set forth in the Second Amended Complaint, which is denied herein, then such barriers were caused solely by reason of SKANSKA USA BUILDING, INC.'s failure to adequately perform its services in accordance with the SKANSKA Contract and applicable law, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff SJU.

FORTY-SIXTH:   Plaintiff's claims against SJU have triggered SKANSKA USA BUILDING, INC.'s duty to defend and indemnify SJU pursuant to the terms of the SKANSKA Contract.

FORTY-SEVENTH:   SKANSKA USA BUILDING, INC. has breached the SKANSKA by failing to defend, indemnify and/or hold harmless SJU from and against plaintiff's claims, and by refusing to reimburse SJU for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of SJU in the instant action.

FORTY-EIGHTH:   Plaintiff/Third-Party Plaintiff SJU is therefore entitled to have judgment over and against SKANSKA USA BUILDING, INC. for full contractual indemnity related to Plaintiff's claims arising out of the ADA and/or the Rehabilitation Act, including interest thereon, together with costs, disbursements and attorneys' fees as may be incurred in the defense of this action.

### AS AND FOR A FIFTH CROSSCLAIM AGAINST SKANSKA USA BUILDING, INC. FOR BREACH OF CONTRACT

FORTY-NINTH:   Pursuant to the SKANSKA Contract and all riders and amendments thereto, SKANSKA was required to carry liability insurance in favor of SJU. Said

381182.1

insurance was to be in a type and amount sufficient to cover SJU for the claims made by plaintiff herein.

       FIFTIETH:       In breach of the SKANSKA Contract, SKANSKA failed to acquire the proper liability insurance on behalf of SJU.

       FIFTY-FIRST:       If plaintiff recovers judgment against SJU, SJU is entitled to have judgment over SKANSKA for any judgment that may be recovered by plaintiff against SJU.

### AS AND FOR A SIXTH CROSSCLAIM AGAINST LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. FOR CONTRACTUAL INDEMNITY

       FIFTY-SECOND:       If the plaintiff was caused to sustain personal injuries or damages at the time and place set forth in the Second Amended Complaint, then such injuries and damages were caused solely by reason of the negligence or culpable conduct of LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC., its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff SJU.

       FIFTY-THIRD:       By virtue of a valid and enforceable contract between LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. ("LANGAN") and SJU (hereinafter referred to as the "LANGAN Contract"), LANGAN agreed to indemnify, defend and hold SJU, its Board of Trustees, officers, employees, agents and servants harmless from and against all claims, suits, damages, liabilities, losses, demands, costs and expenses, including reasonable attorneys' fees and disbursements, punitive damages of every kind and nature, by or on behalf of any person, firm, association or corporation, in connection with LANGAN's performance under the LANGAN Contract.

       FIFTY-FOURTH:       Plaintiff's claims against SJU have triggered LANGAN's duty to

11

381182.1

defend and indemnify SJU pursuant to the terms of the LANGAN Contract.

FIFTY-FIFTH: LANGAN has breached the LANGAN Contract by failing to assume SJU's defense, by failing to indemnify and/or hold harmless SJU from and against plaintiff's claims, and by refusing to reimburse SJU for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of SJU in the instant action.

FIFTY-SIXTH: Plaintiff/Third-Party Plaintiff SJU is therefore entitled to have judgment over and against LANGAN for full contractual indemnity, including interest thereon, together with costs, disbursements and attorneys' fees.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST LANGAN ENGINEERING AND ENVIRONMENTAL SERVICES, INC. FOR CONTRACTUAL INDEMNITY

FIFTY-SEVENTH: If the plaintiff encountered barriers to access due to violations of the ADA and/or the Rehabilitation Act as set forth in the Second Amended Complaint, which is denied herein, then such barriers were caused solely by reason of the negligence or culpable conduct of LANGAN, its services, agents or employees, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff SJU.

FIFTY-EIGHTH: If the plaintiff encountered barriers to access due to violations of the ADA and/or the Rehabilitation Act as set forth in the Second Amended Complaint, which is denied herein, then such barriers were caused solely by reason of LANGAN's failure to adequately perform its services in accordance with the LANGAN Contract and applicable law, and not by reason of any culpable conduct of the Defendant/Third-Party Plaintiff SJU.

FIFTY-NINTH: Plaintiff's claims against SJU have triggered LANGAN's duty to defend and indemnify SJU pursuant to the terms of the LANGAN Contract.

SIXTIETH: LANGAN has breached the LANGAN by failing to defend,

381182.1

indemnify and/or hold harmless SJU from and against plaintiff's claims, and by refusing to reimburse SJU for those costs, disbursements and attorneys' fees incurred by or on behalf of the defense of SJU in the instant action.

SIXTY-FIRST:   Plaintiff/Third-Party Plaintiff SJU is therefore entitled to have judgment over and against LANGAN for full contractual indemnity related to Plaintiff's claims arising out of the ADA and/or the Rehabilitation Act, including interest thereon, together with costs, disbursements and attorneys' fees as may be incurred by SJU in the defense of this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damages as alleged in the Second Amended Complaint, which defendant expressly denies, such damages were caused, in whole or in part, by plaintiff's negligence, culpable conduct, or assumption of risk, and to the extent of plaintiff's culpability, plaintiff is barred from recovery or, alternatively shall have his damages reduced in the proportion that his culpable conduct bears to all conduct causing or contributing to such damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If plaintiff sustained or suffered damages as alleged in the Second Amended Complaint, which defendant expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom defendant exercised no control or supervision, and not by reason of any culpable conduct of defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received.

381182.1

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused, in whole or in part, by plaintiff's own negligence and accordingly, the plaintiff's claims are barred or reduced by the applicable law of comparative negligence.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a cause of action against defendant upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Since defendant had no notice of the alleged defective or dangerous condition(s), it is not liable to plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If defendant is found to be liable to the plaintiff, then its liability is limited, pursuant to Article 16 of the CPLR.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

All risks and dangers connected with the situation at the time and place mentioned in the Second Amended Complaint were open, obvious and apparent, and were known to and assumed by the plaintiff herein.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering from defendant in that any negligence that may have occurred, which is specifically denied, was as a result of actions of third parties over whom answering defendant had no control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The answering defendant is not guilty of any negligence that proximately caused plaintiff's injuries, so that in the event that plaintiff was not self-negligent, then said injuries and resulting damages were the result of an unavoidable accident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Before said alleged accident, personal injuries and damages were allegedly sustained by the plaintiff, the plaintiff saw the peril in which he was placed by his own negligence, and by the exercise of due care he could have, and should have, avoided the accident.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The requested accommodation(s) would constitute an undue burden and would fundamentally alter the defendant's services and facilities.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The requested accommodation(s) is not reasonable or readily achievable.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The defendant acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations and industry standards at the time of such conduct.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The defendant has not denied access to plaintiff, or any person with his condition, to a service offered by a place of public accommodation.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The defendant has not engaged in intentional discrimination with the accessibility of its facilities.

381182.1

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that defendant does not provide the accommodations as requested in the Second Amended Complaint, effective methods of access and use are provided via reasonable and appropriate alternative means.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief or equitable relief to the extent he has not suffered, and will not suffer, irreparable harm or injury.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The defendant is exempt from the American with Disabilities Act.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Second Amended Complaint if barred by the fact that the plaintiff lacks standing to bring the instant action, in part or in whole.

WHEREFORE, defendant St. John's University demands judgment dismissing the Second Amended Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
July 22, 2010

                                 Yours, *etc.*,

                                 BIEDERMANN, REIF, HOENIG & RUFF, P.C.

                                 By: _____
                                       Elaine N. Chou (EC 7688)
                                       Edward L. O'Toole (EO4122)
                                 Attorneys for Defendant/Third-Party Plaintiff
                                 *St. John's University*
                                 885 Third Avenue
                                 New York, New York 10022
                                 (212) 697-6555

381182.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2010, I electronically filed the foregoing **ANSWER TO SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following e-mail addresses:

    Louis Mussman, Esq.
    Ku & Mussman, P.A.
    ***Attorneys for CHRISTOPHER BROWN***
    11098 Biscayne Blvd, Suite 301
    Miami, Florida 33161
    Tel: 305-891-1322  Fax: 305-891-4512
    louis@kumussman.com
    brian@kumussman.com

    J. Justin Griffin, Esq.
    Ku & Mussman, P.A.
    ***Attorneys for CHRISTOPHER BROWN***
    64 Oriole Street
    Pearl River, New York 10965
    Tel: 845-499-9121  Fax: 305-891-4512
    jjg10@hotmail.com

    Robert A. Banner, Esq.
    Kevin J. McGrath, Esq.
    Ingram Yuzek Gainen Carroll & Bertolotti, LLP
    ***Attorneys for BUTLER ROGERS BASKETT***
    250 Park Avenue
    New York, New York 10177
    Tel.: 212-907-9600  Fax: 212-907-9681
    rbanner@ingramllp.com
    kmcgrath@ingramllp.com
    jrothman@ingramllp.com

    Eyal Steven Eisig, Esq.
    Stephen P. Schreckinger, Esq.
    Gogick, Byrne & O'Neill, LLP
    ***Attorneys for HW WHITE SITE ARCHITECTS***
    11 Broadway, Suite 1560
    New York, New York 10004-1314
    Tel: 212-422-9424  Fax: 212-422-9429
    ese@gogick.com
    sps@gogick.com

Michael S. Bubb, Esq.
Christopher L. Deininger, Esq.
Bubb Grogan & Cocca LLP
***Attorneys for SKANSKA USA BUILDING, INC.***
25 Prospect Street
Morristown, New Jersey 08960
Tel:     973-539.6500          Fax:     212-539-6409
mbubb@bgc-law.com
cdeininger@aol.com

William J. Brennan, Esq.
Sedgwick Detert Moran & Arnold LLP
***Attorneys for LANGAN ENGINEERING AND
ENVIRONMENTAL SERVICES, INC.***
125 Broad Street. 39th Floor
New York. New York 10004
Tel:     212-422.0202
Fax:    212-422-0925
William.Brennan@sdma.com

Evy Kazansky, Esq.
Law Offices of James J. Toomey
***Attorneys for GCA SERVICES, INC.***
485 Lexington Avenue, 7th Floor
New York, New York 10017
Tel:     917-778-6659          Fax:     917-778-7020
ekazansk@travelers.com; toomlaw1@travelers.com

_Savi Ramprasad_
Savi Ramprasad

381801.1